743 F.2d 436
 117 L.R.R.M. (BNA) 2289, 101 Lab.Cas. P 11,181
 Roscoe SHAMBLIN, et al., Plaintiffs-Appellants,
v.
GENERAL MOTORS CORPORATION, United Automobile, Aerospace and
Agricultural Implement Workers of America; and
United Automobile Workers Local No.
1112, Defendants-Appellees.
 No. 83-3299.
 United States Court of Appeals,
Sixth Circuit.
 Argued Aug. 2, 1984.
Decided Sept. 14, 1984.
 
 John F. Shultz, John J. Dixon, argued, Youngstown, Ohio, for plaintiffs-appellants.
 Kathleen Burke, argued, Jones, Day, Reavis & Pogue, Cleveland, Ohio, Anthony P. Sgambati, II, Youngstown, Ohio, Jordan Rossen, Ralph O. Jones, argued, Detroit, Mich., for defendants-appellees.
 Before EDWARDS, Circuit Judge, BROWN, Senior Circuit Judge, and SILER, District Judge.*
 GEORGE CLIFTON EDWARDS, Jr., Circuit Judge.
 
 
 1
 Thirty-three employees at the General Motors Lordstown, Ohio plant filed this suit against General Motors and their collective bargaining agent, the United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) and its Local 1112. The suit was brought under the Labor Management Relations Act, 29 U.S.C. Secs. 141-187 (1982) (Act). Plaintiffs specifically rely upon two sections of the Act, Sections 8(b) and 9(a), 29 U.S.C. Secs. 158(b), 159(a). Jurisdiction is predicated on Sec. 301 of the Act, 29 U.S.C. Sec. 185(a).
 
 
 2
 Plaintiffs claim the District Court erred in granting summary judgment to the defendants based on its conclusion that jurisdiction under 29 U.S.C. Sec. 185 had not been pled. They further claim the District Court erred in finding that appellants were barred from maintaining their cause of action for failure to exhaust contractual and intra-union remedies.
 
 
 3
 After consideration of the briefs, record and oral arguments on these issues, we find that the District Court was correct in both conclusions and we affirm its judgment.
 
 
 4
 All of the plaintiffs-appellants were employees at the Lordstown, Ohio plant of General Motors and members of the UAW Local Union at said plant. All except one of them were also originally hired by General Motors as unskilled production workers.[1] Under the General Motors/UAW contract in force at the Lordstown plant, most General Motors workers acquired plant-wide seniority on a one-for-one basis. There was, however, a separate seniority list for skilled employees, and one-for-one skilled trades seniority was acquired only when an employee was actually working in a trade.[2] Such seniority was issued for purposes of lay-off and recall within the skilled trades classification.
 
 
 5
 Prior to the origin of this dispute, it is a matter of record that an unskilled employee who sought to enter the General Motors skilled trades training program would be required to work for four years before he acquired any seniority rights in the skilled trades classification. Thereafter, he would continue to work under supervision for an additional four years, after which, on successful completion of the training program, he would be reclassified as a skilled trades journeyman and afforded four years of seniority within that skilled trades classification for his eight year training period. In effect, EIT program participants, before December 13, 1976, received one-for-two seniority.
 
 
 6
 Effective December 13, 1976, General Motors and the UAW, through collective bargaining, amended the seniority provisions applicable to employees in training for skilled classifications. The amendment provided that participants in training for skilled trades would prospectively be afforded seniority on a one-for-one basis within the skilled trades classification.
 
 
 7
 This provision, which was obviously advantageous to unskilled workers entering the training program, was not retroactively applied and particularly, as far as this lawsuit was concerned, was not retroactively applied to our instant plaintiffs who were then in the skilled trades training program. Although this suit is filed against both General Motors and the UAW, in fact, it is primarily a suit against the UAW and its Local Union at Lordstown, Ohio.
 
 
 8
 Examination of the record in this case indicates clearly that plaintiffs do not plead facts which, if proved, would establish a breach of the collective bargaining agreement. They do allege that the union breached its duty of fair representation, as set out in such cases as Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 564, 96 S.Ct. 1048, 1056, 47 L.Ed.2d 231 (1976) and Ford Motor Co. v. Huffman, 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048 (1953).
 
 
 9
 The essence of plaintiffs' claims appears to this court to be that the UAW should have secured in collective bargaining with General Motors a seniority agreement which would have provided them retroactive one-for-one seniority for their skilled trades training. In Ford Motor Co. v. Huffman, 345 U.S. 330, 338-39, 73 S.Ct. 681, 686-87, 97 L.Ed. 1048 (1953), the Supreme Court said concerning very similar contentions:
 
 
 10
 Inevitably differences arise in the manner and degree to which the terms of any negotiated agreement affect individual employees and classes of employees. The mere existence of such differences does not make them invalid. The complete satisfaction of all who are represented is hardly to be expected. A wide range of reasonableness must be allowed a statutory bargaining representative in serving the unit it represents, subject always to complete good faith and honesty of purpose in the exercise of its discretion.
 
 
 11
 Compromises on a temporary basis, with a view to long-range advantages, are natural incidents of negotiation. Differences in wages, hours and conditions of employment reflect countless variables. Seniority rules governing promotions, transfers, layoffs and similar matters may, in the first instance, revolve around length of competent service. Variations acceptable in the discretion of bargaining representatives, however, may well include differences based upon such matters as the unit within which seniority is to be computed, the privileges to which it shall relate, the nature of the work, the time at which it is done, the fitness, ability or age of the employees, their family responsibilities, injuries received in course of service, and time or labor devoted to related public service, whether civil or military, voluntary or involuntary.
 
 
 12
 In Humphrey v. Moore, 375 U.S. 335, 349-50, 84 S.Ct. 363, 371-72, 11 L.Ed.2d 370 (1964), the Supreme Court discussed the fair representation duties of unions. It said:
 
 
 13
 Just as a union must be free to sift out wholly frivolous grievances which would only clog the grievance process, so it must be free to take a position on the not so frivolous disputes. Nor should it be neutralized when the issue is chiefly between two sets of employees. Conflict between employees represented by the same union is a recurring fact. To remove or gag the union in these cases would surely weaken the collective bargaining and grievance processes.
 
 
 14
 See also Steele v. Louisville & Nashville R.R., 323 U.S. 192, 202-03, 65 S.Ct. 226, 231-32, 89 L.Ed. 173 (1944); Sutton v. Weirton Steel Division of National Steel Corporation, 724 F.2d 406, 412 (4th Cir.1983), cert. denied, --- U.S. ----, 104 S.Ct. 2387, 81 L.Ed.2d 345 (1984).
 
 
 15
 Primarily for the reasons set forth above, we affirm District Judge Krenzler's grant of summary judgment in this case. We should, however, also observe that plaintiffs, in spite of filing some lower level grievances, obviously did not exhaust the elaborate internal grievance machinery established in their union's constitution. They failed to initiate intra-union complaints at higher levels of the International Union. We are not persuaded such procedures were demonstrably futile. Clayton v. International Union, UAW, 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981); Monroe v. International Union, UAW, 723 F.2d 22 (6th Cir.1983). In fact, this court finds it impossible to frame a question in this case not disposed of by settled law, which it might appropriately phrase in remanding the case for trial, as sought by appellants.
 
 
 16
 The judgment of the District Court is therefore affirmed.
 
 
 
 *
 Honorable Eugene E. Siler, Jr., United States District Court for the Eastern and Western Districts of Kentucky, sitting by designation
 
 
 [1]
 One plaintiff entered an Employee in Training (EIT) program on the first day he was hired by General Motors. The EIT program is an eight-year apprenticeship program, designed to give an employee skilled trade credentials at the training program's conclusion. Each plaintiff-appellant was an EIT program participant
 
 
 [2]
 One-for-one seniority means an employee accumulates one day of seniority for one day's work. One-for-two seniority means two days' work is required to get one day of seniority