755 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TIMOTHY RUTUSHIN, PLAINTIFF-APPELLANT,
v.
GENERAL MOTORS CORPORATION, UNITED AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UNITED
AUTOMOBILE WORKERS LOCAL #1112,
DEFENDANTS-APPELLEES.
 NO. 84-3003
 United States Court of Appeals, Sixth Circuit.
 1/2/85
 
 BEFORE: EDWARDS and JONES, Circuit Judges; and PHILLIPS, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 Appellant appeals from the district court's entry of summary judgment against him on the basis that his wrongful discharge and breach of duty of fair representation claims, arising under section 301 of the Labor Management Relations Act, (LMRA) 29 U.S.C. 185, were barred by appellant's failure to exhaust available contractual remedies. We affirm.
 
 
 2
 Appellant, Timothy Rutushin, was a member of the appellee, Local 1112 of the United Auto Workers (Local 1112), and was employed by appellee, General Motors Corporation (GM), at its Lordstown, Ohio plant. In addition to GM and Local 1112, the United Auto Workers of America (UAW) is also an appellee in this appeal.
 
 
 3
 GM discharged Rutushin on November 2, 1979 for allegedly falsifying his timecards in a manner which resulted in his receipt of overpayments. On the same day, Rutushin filed a grievance with Local 1112, under the terms of the National Agreement between GM and the UAW, in which he protested his discharge. On January 16, 1980, Local 1112 claims that Rutushin's grievance was withdrawn at the third step of the four-step contractual grievance procedure. Local 1112 claims to have notified Rutushin of this withdrawal and of his internal union appeal rights shortly thereafter. Rutushin alleges that no official of Local 1112 informed him of the withdrawal decision and that when he called representatives of the Local early in 1980, they told him that the grievance was still pending.
 
 
 4
 During July or August, 1980, Rutushin contacted the UAW itself and learned for the first time, he claims, that his grievance had been withdrawn in January, 1980. Although Rutushin acknowledges that he was aware of the intra-union appeals procedure governing his action, he did not appeal the withdrawal of his grievance to the UAW. He claims that a UAM representative informed him that, as the sixty-day period for filing an appeal had run, appealing to the UAW would be futile.
 
 
 5
 On February 23, 1981, Rutushin filed his complaint in the district court. Thus, he initiated this action at least five and a half months, and perhaps eight months, after the time at which he may have learned of the withdrawal of his complaint. On November 25, 1983, the district court entered summary judgment in favor of the defendants. This appeal followed.
 
 
 6
 The general rule is thoroughly established that an employee must attempt to exhaust exclusive grievance and arbitration procedures established by a collective bargaining agreement before either filing suit in federal court against his employer for breach of the agreement or against his union for violation of its duty of fair representation under section 301 of the LMRA. Republic Steel Corp. v. Maddox, 379 U.S. 650, 652-53 (1965). See also Monroe v. U.A.W., 723 F.2d 22, 24 (6th Cir. 1983). Even where a union has withdrawn an employee's grievance from the contractual grievance process, if internal union appeals procedures are available which can result in reactivation of the grievance, exhaustion of internal union appeals is also required. Clayton v. UAW, 451 U.S. 679, 692 (1981). In both instances the exhaustion requirement furthers the national labor policy of encouraging private, rather than judicial resolution of disputes over collective bargaining agreements. Clayton, 451 U.S. at 692; Republic Steel, 379 U.S. at 653; Miller v. General Motors Corp., 675 F.2d 146, 148 (7th Cir. 1982).
 
 
 7
 In the present case Rutushin's grievance was withdrawn by the UAW from the grievance procedure at the third stage of the four-step process. Article 33 of the 1980 UAW Constitution establishes internal union procedures through which Rutushin could have appealed the decision to withdraw his grievance. In this particular case he would have begun by appealing to the UAW's International Executive Board, which is composed of the UAW's officers and Regional Directors. If he had received an adverse decision from the International Executive Board, he could have chosen either to appeal to the union's Public Review Board, which is composed of seven persons of reputation who are wholly independent of the UAW, or to the Convention Appeals Committee, for which one rank and file delegate from each UAW region is chosen by lot. Under the terms of an agreement into which GM and the UAW entered in 1976, and renewed in 1979 and 1982, if an employee prevails on an internal union appeal the grievance can be reinstated at the step in the grievance procedure at which it had been withdrawn.
 
 
 8
 Rutushin did not appeal the withdrawal of his grievance, and did acknowledge that he was aware of his rights under the internal union appeals procedure. He maintains that his failure to exhaust his intra-union remedies should be excused under the standard established in Clayton. In Clayton, the Supreme Court stated that as a matter of discretion a court may excuse an employee's failure to exhaust internal union remedies.
 
 
 9
 In exercising this discretion, at last three factors should be relevant: first, whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; second, whether the internal union appeals procedure would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks under Sec. 301; and third, whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim.
 
 
 10
 Clayton, 451 U.S. at 689. In applying Clayton, this Circuit has required the plaintiff to come forward with specific facts showing that there is an issue concerning the futility of intra-union remedies. Monroe, 723 F.2d at 25.
 
 
 11
 Rutushin does not claim that the UAW internal appeals procedure was inadequate to redress its grievance. In Clayton itself the Court noted that the combination of intra-union appeals with provision for reinstatement of grievances, would presumably be an adequate basis on which to require exhaustion. Clayton, 451 U.S. at 691 n. 18. More recently, this Court has observed that 'the elaborate internal grievance machinery' established by the UAW constitution is not 'demonstrably futile' without an attempt to utilize it. Shamblin v. General Motors Corp., 743 F.2d 436 (6th Cir. 1984).
 
 
 12
 Rutushin does maintain that resorting to an internal union appeal would have unreasonably delayed his opportunity to obtain judicial relief. Viewing the evidence in the light most favorable to Rutushin, he did not learn that the UAW had withdrawn his grievance until July or August, 1980, between five and seven months after the event. He notes that the Supreme Court has affirmed a strong policy favoring the speedy resolution of section 301 disputes by adopting a six-month statute of limitations in Delcostello v. International Brotherhood of Teamsters, Inc., 462 U.S. 151 (1983).
 
 
 13
 On the basis of this policy combined with the union's alleged delay in informing him that his grievance had been withdrawn, Rutushin claims that to require him to exhaust the internal union appeals procedure would necessarily result in unreasonable delay. If Rutushin could demonstrate that he filed an appeal with the UAW and that the union unreasonably delayed its response to that appeal, he might present the Court with a colorable issue sufficient to get past summary judgment. Instead, he asks the Court to find that the delay in this case, if proven to be be the union's responsibility, was per se unreasonable. This is a course which we do not follow.
 
 
 14
 Rutushin does not allege 'specific facts' regarding hostility towards him by union officials which would satisfy the Monroe standard. He maintains that an appeal would have been futile solely on the basis of a conversation with one UAW official who informed him that filing an appeal would be pointless because the time for appeal had run. Rutushin relies upon Goclowski v. Penn. Central Transportation Co., 571 F.2d 747 (3d Cir. 1977), in which the court found that a union member was relieved from the frustrations of futile appeals where the union had disclosed that its position had become fixed. The facts of the present case do not resemble Goclowski, in which the appellants repeatedly met with union officials, only to have their attempts at relief 'rebuffed in each instance.' Id. at 758.
 
 
 15
 The district court below properly found that Rutushin's reliance upon the informal statement of a single union official that his appeal was tardy did not establish futility. Article 33 Sec. 4(b) of the UAW Constitution provides that the time for appeal begins running when the aggrieved member first becomes aware or reasonably should have become aware of the alleged action which he seeks to appeal. Article 33, Sec. 4(d) of the UAW Constitution authorizes the UAW President to waive the time period for filing an internal appeal if the circumstances of a particular case warrant. Article 33, Sec. 12 of the UAW Constitution establishes the responsibility of union members to exhaust all appeals available under the UAW Constitution before filing a law suit. Although Rutushin acknowledged in his sworn affidavit that he was aware of the internal union appeals procedure, he made no formal attempt to file an appeal as timely or seek waiver of the filing period.
 
 
 16
 In Monroe this Court cited with approval the Seventh Circuit's opinion in Miller v. General Motors Corp., 675 F.2d 146 (7th Cir. 1982), in which a union employee failed to exercise his internal union appeal rights in what he claimed was reasonable reliance upon the declaration of his local union president that any attempt to appeal would be fruitless. The Miller court concluded that in light of the UAW's 'elaborate, detailed and well-documented' appeal procedures, 'we do not believe that any employee's reliance on such representation should be viewed as reasonable.' Id. at 150. Neither an objective review of the UAW's appeals procedure nor consideration of the reasonableness of Rutushin's alleged reliance on the union official's statement supports his futility claim.
 
 
 17
 The district court founded its grant of summary judgment purely upon Rutushin's failure to exhaust internal union remedies, and thus did not address the question of whether his suit was barred by the statute of limitations.
 
 
 18
 For the reasons stated above, we AFFIRM the district court.