833 F.2d 1013
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard E. SMITH, Plaintiff-Appellant,
v.
HIGHLAND PARK FEDERATION OF TEACHERS and School District of
the City of Highland Park, Defendants-Appellants.
 No. 86-1662.
 United States Court of Appeals, Sixth Circuit.
 Nov. 9, 1987.
 
 Before MERRITT, KRUPANSKY, and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Richard E. Smith (plaintiff) appealed from the District Court's order granting summary judgment for both defendants in this hybrid Sec. 301 suit.[1] The District Court held that, according to the undisputed facts, the union had committed no breach of its duty of fair representation, and that the employer had not breached the collective bargaining agreement.
 
 
 2
 Plaintiff had worked as a teacher for the Highland Park Board of Education (College). In mid-1978, the College faced budget cutbacks which forced it to lay off several of its teachers. One teacher, Russell Pratt (Pratt), was laid off in mid-1978; plaintiff was laid off in March, 1979. Both of these teachers grieved the layoff with the Highland Park Federation of Teachers (union). After a series of actions, including recourse to state court, the grievance of both Pratt and plaintiff were submitted to arbitration. The arbitrator essentially found in favor of plaintiff's interpretation of the collective bargaining agreement[2], but also held that he had not been presented with sufficient facts to determine whether the actions of the College had in fact breached the contract provisions in the particular circumstances of these layoffs.
 
 
 3
 Further actions were taken by all parties, including a return to the state court. Ultimately, Pratt's grievance was submitted to a second arbitration proceeding to determine if the actions of the College had violated his contractual rights. The arbitrator concluded that the College had not violated the collective bargaining agreement in terminating Pratt's employment, even under Pratt's interpretation of the contract as determined in the first arbitration. At that time, the union informed plaintiff that it considered his grievance conclusively resolved by the reasoning of the second arbitral decision; the union therefore refused to further process plaintiff's grievance.
 
 
 4
 Plaintiff returned to the state court, where his case was dismissed with prejudice based upon the results of the arbitration proceedings. Plaintiff and Pratt then filed a hybrid Sec. 301 suit in federal district court based upon diversity jurisdiction. The suit was later refiled, without Pratt as a plaintiff, in order to create complete diversity. Both defendants moved for summary judgment; plaintiff filed a cross-motion for summary judgment as well. On June 25, 1986, the District Court denied plaintiff's motion for summary judgment, and granted summary judgment for both defendants, thereby dismissing the action. Plaintiff filed a timely appeal from the District Court's decision.
 
 
 5
 Summary judgment is appropriate only where the plaintiff has failed to establish the existence of a genuine issue of material fact and where defendant is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(e); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, ----, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); Potters Medical Center v. City Hosp. Ass'n, 800 F.2d 568, 572 (6th Cir.1986).
 
 
 6
 "In [a] hybrid suit under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, to recover against either the Company or the Union, [plaintiff] must show that the Company breached the Agreement and that the Union breached its duty of fair representation. Hines v. Anchor Motor Freight Co., 424 U.S. 554, 570-71, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231 (1976). Unless [plaintiff] demonstrates both violations, [he] can not succeed against either party." Bagsby v. Lewis Bros., Inc., 820 F.2d 799, 801 (6th Cir.1987) (emphasis in original); accord Vaca v. Sipes, 386 U.S. 171, 186-87, 87 S.Ct. 903, 914-15, 17 L.Ed.2d 842 (1967). In the instant case, the plaintiff alleged that the union had breached its duty of fair representation by failing to fully and completely pursue his grievance through the settlement process, by acting in a biased manner because it disagreed with his interpretation of the contract provisions, and by failing to correctly interpret the collective bargaining agreement. Under the undisputed facts presented in this case, none of these allegations is sufficient to present a genuine issue of fact, and the District Court correctly determined that both defendants were entitled to summary judgment as a matter of law.
 
 
 7
 Plaintiff alleged that the union had breached its duty of fair representation because it failed to fully pursue his grievance through all levels of settlement, including a second arbitration proceeding as it had with Pratt. A union breaches its duty of fair representation when it acts in an arbitrary, discriminatory or bad faith manner towards any of its members. Vaca, 386 U.S. at 190, 87 S.Ct. at 916; Ford Motor Co. v. Huffman, 345 U.S. 330, 338, 73 S.Ct. 681, 686, 97 L.Ed.2d 1048 (1953); Poole v. Budd Co., 706 F.2d 181, 183 (6th Cir.1983). A union is deemed to have acted in an arbitrary manner only if it has failed to take any action whatsoever in regard to a member's grievance, not simply where the union fails to act in the manner plaintiff would like. Poole, 706 F.2d at 183, 184; Ruzicka v. General Motors Corp. (Ruzicka II), 649 F.2d 1207, 1211 n. 3 (6th Cir.1981).
 
 
 8
 A union is not, however, required to take every grievance to arbitration, nor even through each possible level of settlement short of arbitration. As a matter of law, there is no breach of the duty of fair representation where a union makes a good faith determination that a particular grievance is without merit, so long as some rational explanation is provided for the decision. In this regard, the union is accorded great deference in balancing its interpretation of the contract provisions against the complaints and grievances of individual employees. Hines, 424 U.S. at 567, 96 S.Ct. at 1057; Anderson v. Ideal Basic Ind., 804 F.2d 950, 952 (6th Cir.1986); Shamblin v. General Motors Corp., 743 F.2d 436, 438 (6th Cir.1984).
 
 
 9
 In the instant case, the union's actions fall well within what would be required to meet any minimum duty to fairly represent plaintiff. Plaintiff's grievance was taken to arbitration, along with the grievance of Pratt. The union declined to take plaintiff's grievance to a second arbitration proceeding, based upon the results of the second arbitration of Pratt's grievance. The union's construction of the second arbitration agreement as applied to plaintiff's situation was not unreasonable and was undertaken in good faith. As such, the union's refusal to refer plaintiff's case to a second round of arbitration does not present any genuine issue of material fact as to whether the union acted in an arbitrary manner.
 
 
 10
 Plaintiff's suggestion that the union was biased against him during its representation of his interests because it disagreed with his interpretation of the collective bargaining agreement is equally without merit. Plaintiff has failed to present any evidence of personal animosity between himself and the union; nor has he presented any sort of bad faith or discriminatory animus on the part of the union. Compare Whitten v. Anchor Motor Freight, Inc., 521 F.2d 1335, 1341 (6th Cir.1975), cert. denied, 425 U.S. 981, 96 S.Ct. 2188, 48 L.Ed.2d 807 (1976). At most, plaintiff has demonstrated that a difference of opinion existed between himself and the union, which is insufficient to create an issue of fact as to the union's duty of fair representation. Vaca, 386 U.S. at 194, 87 S.Ct. at 919; accord Balowski v. International Union, United Auto., Aerospace & Agricultural Implement Workers of Am., 372 F.2d 829, 835 (6th Cir.1967).
 
 
 11
 Finally, plaintiff's allegation that the union failed to correctly interpret the collective bargaining agreement also misses the mark. Whether the union's interpretation of the contract ultimately proves to be correct or not is irrelevant. Absent bad faith or discriminatory animus, the union's failure to correctly identify the meaning of the contract provisions or the legal significance of its terms presents, at most, a claim for negligence. Negligence, however, is insufficient to state a cause of action for failure to fairly represent union members. Vaca, 386 U.S. at 192-93, 87 S.Ct. at 918; Poole, 706 F.2d at 183; Ruzicka II, 649 F.2d at 1212.
 
 
 12
 Plaintiff's failure to identify a genuine issue of material fact as to the union's duty of fair representation means that, as a matter of law, summary judgment was appropriately granted in favor of both defendants. See Bagsby, 820 F.2d at 801. It is therefore unnecessary for the court to reach the question of whether the College breached the collective bargaining agreement. Accordingly, the decision of the District Court dismissing plaintiff's complaint is hereby AFFIRMED.
 
 
 
 [1]
 A hybrid Sec. 301 suit is a suit under Sec. 301 of the Labor Management Relations Act, 29 U.S.C.A. Sec. 185, against the union for breach of its duty to fairly represent all of the union members, and against the employer for breach of the collective bargaining agreement
 
 
 [2]
 The union had argued that the collective bargaining agreement required that lay offs be determined strictly on the basis of seniority. Plaintiff had argued that the collective bargaining agreement required that lay offs be determined by evaluating individual teacher qualifications for a particular position; seniority was to be considered only where more than one teacher was equally qualified for a particular position