845 F.2d 326
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
The ORGANIZATION OF 65 FORMER TEREX EMPLOYEES (87-3355),
East and West Associates Former Terex Employees
(87-3356), Plaintiffs-Appellants,
v.
GENERAL MOTORS CORPORATION; International Union, United
Automobile, Aerospace and Agricultural Implement
Workers of America, Defendants-Appellees.
 Nos. 87-3355, 87-3356.
 United States Court of Appeals, Sixth Circuit.
 April 28, 1988.
 
 Before: LIVELY and RALPH B. GUY, Jr., Circuit Judges, and AVERN COHN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs appeal from summary judgments granted against them. The cases were dismissed below because the court concluded the plaintiff organizations lacked standing. Upon review, we agree that the cases were properly dismissed, although we reach this conclusion for reasons which go beyond the standing issue.
 
 I.
 
 2
 In 1980, General Motors Corporation (GM) sold its Terex Division in Ohio to another company--IBH Corporation. The GM workers were laid off but many were hired by IBH. It is undisputed that the GM workers, after lay off, retained certain contract rights under the GM-UAW National Agreement. Unfortunately, the workers who were hired by IBH soon were laid off again. All these workers, however, now have been rehired by various GM manufacturing facilities.
 
 
 3
 In 1986, this litigation was instituted.[1] No grievances were filed prior to the commencement of these law suits. The suits were based on the National Labor Relations Act, 29 U.S.C. Sec. 151, et seq., and the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Sec. 1001, et seq.[2] The suits alleged that GM breached the collective bargaining agreement by not honoring certain re-hire rights, and that the Union breached its duty of fair representation. The plaintiff organization sought back pay, reinstatement of seniority and injunctive and declaratory relief for their members. Each of the complaints contained a paragraph describing the plaintiff organizations as follows:
 
 
 4
 Plaintiff is an organization of ... members of Defendant International Union and are former employees of Defendant GM's Terex Division ("GM Terex"), all of whom lost their jobs with GM Terex when the Plant was closed and sold to IBH Co. ("IBH"). The names and addresses of said individuals are listed in Exhibit A attached hereto and incorporated herein.
 
 
 5
 Both GM and the Union filed summary judgment motions and both argued, inter alia, that the plaintiff organizations had no standing since the relief requested--back pay and reinstatement of seniority--required individual proof of injury and, therefore, individual participation by each member. The defendants also argued that it was uncertain whether the individual members would each be bound by any judgment entered by the court.
 
 
 6
 The district court, relying primarily on the decision in Warth v. Seldin, 422 U.S. 490 (1975), concluded that plaintiffs lacked standing and granted the defendants' summary judgment motions. We believe that Judge Manos's analysis of the standing issue was correct and adopt his reasoning as set forth in his March 17, 1987, memorandum opinion.
 
 
 7
 We choose to set forth an additional ground for affirmance, however. Dandridge v. Williams, 397 U.S. 471, 475 (1970). It is obvious from the record that in the district court neither the plaintiffs nor the defendants considered standing to be the main issue. Plaintiffs argued, then and now, that the standing issue was a hyper-technicality and could be cured by amendment.[3] The defendants really did not disagree and preferred that the case be decided on more substantive issues. The principal substantive issue involved concerns the fact that the individual union members failed to exhaust the contract grievance procedure before instituting suit. Actions such as this one are barred in the absence of contractual exhaustion. Vaca v. Sipes, 386 U.S. 171 (1967); Poole v. Budd Co., 706 F.2d 181 (6th Cir.1983). Plaintiff members' counter-argument that, as laid-off employees, they were excused from the grievance requirements of the collective bargaining agreement is without merit. Anderson v. Ideal Basic Industries, 804 F.2d 950 (6th Cir.1986). Furthermore, the viability of the grievance procedure was demonstrated by the fact that during the pendency of this litigation, a grievance was instituted.
 
 
 8
 This circuit has made it clear also that not only must the contract remedies be exhausted, but internal union remedies must also be pursued prior to suit. Shamblin v. General Motors Corp., 743 F.2d 436, 439 (6th Cir.1984); Monroe v. International Union, UAW, 723 F.2d 22, 24 (6th Cir.1983). Our holdings are consistent with those set forth in Clayton v. International Union, UAW, 451 U.S. 679 (1982). Here, there was no pursuit of intra-union remedies whatsoever. The defendants were thus entitled to summary judgment on this issue also and, accordingly, we AFFIRM.
 
 
 
 *
 Honorable Avern Cohn, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The first case was filed on February 27, 1986, and the second on May 21, 1986. The cases were subsequently consolidated and will be discussed hereinafter as only one case
 
 
 [2]
 It appears that the ERISA claim is no longer being pursued
 
 
 [3]
 We note that plaintiffs made no motions to amend, however