**Mack A. CURRY, Plaintiff,**

v.

**FORD MOTOR COMPANY, et al., Defendants.**

Civ. A. No. C 81–0713 L(A).

United States District Court,
W.D. Kentucky,
Louisville Division.

July 19, 1983.

James A. Crumlin, Louisville, Ky., for plaintiff.

Edwin S. Hopson, Kim Greene, Louisville, Ky., for Ford Motor Co.

Herbert Segal, Louisville, Ky., for Union.

## MEMORANDUM OPINION

ALLEN, Chief Judge.

Mack A. Curry brings this action against Ford Motor Company (Ford), the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (International UAW,) UAW Local 862, and Francis A. Howe, former Local 862 President. Curry alleges a breach of contract against Ford and a breach of the duty of fair representation against the unions. Jurisdiction is alleged under 29 U.S.C. Sec. 185, Section 301 of the National Labor Relations Act. This action is one of the type of case which has become known popularly as a "hybrid 301" action. The defendants have moved for summary judgment. Federal Rule of Civil Procedure 56(b). Additionally, the defendants once again raise the question of the proper statute of limitations to be applied in this case. After due consideration, this Court overrules the defendants' challenge of this Court's two previous rulings concerning the proper statute of limitations. Furthermore, this Court finds that there is a genuine issue of material fact concerning the events in this case. However, this Court sustains the motion for summary judgment on the issue of exhaustion of internal union remedies.

Initially, this Court must once again discuss the issue of the proper statute of limitations. The Supreme Court recently issued a decision in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) (together with *United Steelworkers v. Flowers and Jones*). The Supreme Court adopted the six-month statute of limitations from Section 10(b) of the National Labor Relations Act for hybrid–301 actions. See *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 65–71, 101 S.Ct. 1559, 1565–68, 67 L.Ed.2d 732 (1981) (Steward, J., concurring). The Sixth Circuit has already adopted this rule. *Badon v. General Motors, Inc.*, 679 F.2d 93 (6th Cir.1982). However, the Sixth Circuit specifically stated

that *Badon* was not to apply to cases pending when *Badon* was decided. *Pitts v. Frito-Lay*, 700 F.2d 330, 333–34 (6th Cir. 1983). The Sixth Circuit distinguished *Badon* from *Mitchell* and held that while *Mitchell* was to be applied retroactively, *Badon* (and by implication, *DelCostello*) was to be applied prospectively only. In the absence of any language to the contrary in *DelCostello*, this Court finds that *Pitts* is still good law in the Sixth Circuit and controls this case. Therefore, this case is timely filed.

■ This dispute arises out of Ford's termination of Curry for allegedly failing to report properly after expiration of his medical leave. Mr. Curry began medical leave August 24, 1979 for surgery on his foot. The leave which Ford extended on one occasion, expired on October 27, 1979. (Curry's depo. Ex. F at 62). On October 31st Ford mailed Curry a "Five-Day Notice," requiring him to report to work or show cause why he should not report to work. Curry signed for the Special Delivery letter on November 2, 1979. According to Curry's version of the events, he reported to the plant and went to the hourly personnel office, where he spoke to an employee named "Mary Jo." He contends that he told Mary Jo that he was still under a doctor's care and that he was unable to return to work. He informed May Jo that he would be unable to work until about December 1 and that he would be able to present a medical report at that time. Curry maintains that Mary Joe returned a Physician's Report form, (Curry's depo. Ex. C) which had been stapled to the letter and directed him to have the form completed by his physician before returning to work.

Curry presented the completed form when he returned to work on December 3, 1979, the first working day after December 1, a Saturday. Ford informed him that he had been terminated because he had failed to report from his five-day termination notice. Curry protested the decision and Ford officials took statements from him and Mary Jo. Mary Jo stated that she remembered Curry, but that she did not

remember why he had come to the office or on what day he had come to the office. Curry stated that he had reported and alleged that the date was about "the first of the month."

On December 4, 1979, Curry filed a grievance contesting his termination, listing November 1 as the date on which he answered the five-day notice. Later, Curry realized that he received the notice on November 2, and attempted to change the date on the grievance. According to Curry, Howe, a Local 862 Committeeman, told him that the date was "not important." Local 862 initiated the grievance at the second level of the grievance procedure.

As this Court reads the exhibits submitted with the plaintiff's memoranda, Ford denied the grievance on December 16, 1979. Local 862 took the grievance to the third stage on March 4, 1980, but remanded the grievance to the second stage on December 5, 1980. On March 31, 1981, Curry wrote a letter to Howe, who by then was President of Local 862, requesting a status report on his grievance. On April 2, 1981, the Bargaining Committee met with the Ford representatives and withdrew the grievance (Plaintiff's exhibits 10–12). Committee member Chuck Williams and Howe explained to Curry that the Local had remanded the grievance to the second level on the advice of the International Representative because of the lack of documentation and the discrepancy in dates. They then told Curry that he could appeal the decision and told him to get in touch with Mr. Lester Sparks, Local 862 Recording Secretary. Curry contends that attempts to reach Mr. Sparks were unavailing. Curry contends that he tried to call Mr. Sparks, tried to make an appointment, and contends that he wrote a letter to both Howe and Sparks, who failed to reply. Curry then instituted this action.

Article 33 of the UAW Constitution contains a provision which establishes an internal appeal procedure. As this Court reads Article 33, Section 5 of the UAW Constitution, there are several ways to initiate the appeal procedure. One method is by noti-

fying the Recording Secretary of the member's local. Another method is by making a direct appeal during a local meeting. Still another method is by writing the International President. All these different methods were listed in the copy of the UAW Constitution in effect at the time of Curry's termination and Curry admits that he had a copy of the Constitution. Furthermore, if Curry's appeal was upheld, the grievance would be reinstated. Curry does not deny knowledge of this reinstatement provision.

The reinstatement provision is found in a Letter of Agreement, dated October 5, 1976, which was incorporated into the National Agreement, in effect at the time of the grievance, which provides for reinstatement of a grievance upon action by either the union's International Executive Board, the Public Review Board, or the Constitutional Convention Appeals Committee. If either of these committees concludes that the union handled the grievance improperly, "the National Ford Department (of the International UAW) may so inform the Labor Relations Staff of the Company (Ford) and request in writing that such grievance be reinstituted in the parties' grievance procedure at the same level at which it was originally settled. After receipt of such written request, the grievance will be so reinstituted by the Company."

The unions and Ford argue that Curry failed to exhaust his internal union remedies and as a result, this action is barred. Curry replies that the union "sat" on his grievance for sixteen months without explanation and that the Local 862 Recording Secretary failed to respond to his request for an appeal. As a result, Curry argues, he has fulfilled his duty of exhaustion or he should be excused from exhaustion because he has demonstrated the futility of compliance. Moreover, even if compliance was not futile, Curry argues that compliance could not grant him complete relief because the contract agreement specifies that in such an event, Ford would not be liable for back pay.

The Supreme Court has recently set out its conclusions as to the exhaustion requirement in *Clayton v. United Auto Workers,* 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981). This case apparently involves the same UAW Constitution, although a different collective bargaining agreement. The *Clayton* court held that federal labor policies were "furthered by an exhaustion requirement only where the internal union appeals procedures can either grant the aggrieved employee full relief or reactivate his grievance." 451 U.S. at 696, 101 S.Ct. at 2099. The court specifically stated that this defense was available to both the union and the company. 451 U.S. at 692 n. 20, 101 S.Ct. at 2097 n. 20. Furthermore, the court noted that several employers had negotiated contracts which allowed reinstatement of the grievance upon reversal by a higher union panel. 451 U.S. at 691 n. 18, 101 S.Ct. at 2096 n. 18. Apparently, the instant contract is one such agreement.

Mr. Curry clearly did not exhaust his internal remedies. Curry "thinks we wrote (Sparkes) a letter," (Curry Depo. at 115) but there is no confirmation of this weak allegation. At no time did Mr. Curry write the International UAW office, or bring up the matter at a local union meeting. Mr. Curry does not contest this point strenuously. However, Mr. Curry does argue that he should be excused from compliance because he had every reason to believe that compliance would have been futile, and because since Ford was not liable for back pay during the time that the grievance was withdrawn, Curry could not obtain complete relief from the appeal process.

The Sixth Circuit has held that exhaustion is not required if such exhaustion would be futile. *Ruzicka v. General Motors Corporation,* 523 F.2d 306, 311–12 (6th Cir.1975) (*Ruzicka I*). See also *Dorn v. Meyers Parking System,* 395 F.Supp. 779, 786 (E.D.Pa.1975). Moreover, *Clayton* holds that exhaustion is not required if the remedy provided is not a complete and full remedy. 451 U.S. at 693–96, 101 S.Ct. at 2097–99. However, several circuits have discussed the nature of the "full and complete" relief available. In *Miller v. Gener-*

al Motors Corporation, 675 F.2d 146 (7th Cir.1982), the Ninth Circuit discussed this situation: The *Miller* court held that even if there was a gap in liability for back pay (between withdrawal of the grievance and reactivation of the grievance), the grievance reactivation provision of the contract compelled the employee to pursue his intra-union remedies before bringing a 301 action. 675 F.2d at 148–49. Additionally, the Seventh Circuit has found that any damages suffered by the employee can be regained from the union by the appeal process. *Baldini v. UAW Local 1095*, 581 F.2d 145, 149 (7th Cir.1978). See generally, UAW Constitution, Articles 32 and 33.

In this case, Curry not only could obtain reactivation of his grievance, but could appeal within the UAW appeals process for reimbursement of his lost wages for the time the grievance was withdrawn, if he won reinstatement from the grievance procedure. This analysis coincides with the recent Supreme Court decision in *Bowen v. United States Postal Services*, 459 U.S. 212, 103 S.Ct. 588, 74 L.Ed.2d 402 (1983), which holds that a union is responsible for damages after the incident which triggers the unfair representation claim. Curry argues that the union has not specifically agreed to meet this burden. However, Curry has failed to show that the union could escape this liability, and it is Curry's burden to show that exhaustion would not give him complete relief.

Additionally, Curry has not shown any futility of proceeding with his claim inside the UAW procedure. While this Court finds that the union officials were less than completely helpful to Curry in his efforts, those officials did not actively hinder him in his attempts. Courts have still required exhaustion even when union officials told an employee that an intra-union appeal would be useless. See *Baldini v. UAW Local 1095*, 581 F.2d at 148–49; *Newgent v. Modine Manufacturing Company*, 495 F.2d 919, 922, 927–28 (7th Cir.1974). Moreover, the officials did tell Curry that he could appeal to the membership or start the

procedure with the Recording Secretary. Curry had a copy of the UAW Constitution then in force and cannot claim that he was unaware of the procedure. Even if he was actually unaware of the procedure (which the Court entertains some doubt), he is charged with knowledge of the procedure. *Newgent v. Modine, supra.* Ignorance is no defense.

Finally, this Court finds Curry's reliance on *Ruzicka I* to be misplaced. The Sixth Circuit found that Mr. Ruzicka had pursued his intra-union remedies for 27 months after the union misfiled his grievance. In this case, Curry pursued his remedy for a matter of weeks, not months, and did not attempt two of the possible three alternatives available to him, i.e., appeal at a union meeting or writing to the International Union—taking as true Curry's allegation that he wrote the Recording Secretary.

In summary, this Court finds that Curry has not shown that his exhaustion of internal union remedies would be futile or provide inadequate relief. Thus, this Court finds that Curry has not exhausted his internal appeals and summary judgment is in order for all defendants. *Clayton v. United Auto Workers, supra.*

■ All defendants have moved for summary judgment under Rule 56 as to the merits of the case. In an attempt to provide the parties for a complete basis of appeal, this Court addresses that issue as well. After some deliberation, this Court concludes that summary judgment is not in order on the merits. This Court finds that there is no clear explanation as to why the union did not process the grievance for seventeen months. Mr. Howe testified that during this time there were several layoffs and that there were many other grievances ahead of Mr. Curry's grievance. However, the union withdrew Curry's grievance within days after he wrote for a status report. There is some question with regard to the criteria that Local 862 used to evaluate Curry's grievance when Local

862 withdrew the grievance from step 3 to step 2.

Furthermore, there is some question as to the procedure used to terminate Curry. Curry contends that he complied with the literal requirements of the notice which he received and that the person to whom he reported, Mary Joe, excused him from any further compliance. Local 862 argues that while the literal terms of the letter had been met, Curry knew or should have known that the company policy was different and that Ford and Local 862 had a past practice regarding medical leave which governed the procedures in this case. These issues present questions of fact for a jury, should this case be remanded to this Court.

A judgment in accordance with this memorandum opinion will be entered this day.

### SUMMARY JUDGMENT

This action, having come before the Court on the motions of the defendants for summary judgment, and the Court, having entered its memorandum opinion and being fully advised,

IT IS ORDERED AND ADJUDGED that the motion of the Ford Motor Company for summary judgment be and it is hereby sustained.

IT IS ORDERED AND ADJUDGED that the motion of the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America for summary judgment be and it is hereby sustained.

IT IS FURTHER ORDERED AND ADJUDGED that the motion of UAW Local 862 for summary judgment be and it is hereby sustained.

IT IS FURTHER ORDERED AND ADJUDGED that the motion of Francis A. Howe, former Local 862 President, for summary judgment be and it is hereby sustained.

This is a final and appealable judgment and there is no just cause for delay.