872 F.2d 1025
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
McKinley GARDENHIRE, Plaintiff-Appellant,
v.
LOCAL UNION NO. 306, UNITED AUTOMOBILE, AEROSPACE AND
AGRICULTURAL WORKERS OF AMERICA, Commonly known as
the U.A.W., Budd Co., a Michigan
Corporation, Jointly and
Severally,
Defendants-
Appellees.
 No. 88-1463.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1989.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is a hybrid Sec. 301/breach of duty of fair representation suit brought by a laid-off employee under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185(a). The district court granted summary judgment for the defendants because the plaintiff had failed to exhaust the internal remedies available to him under the union constitution. The plaintiff argues on appeal that he did exhaust his internal union remedies, or, in the alternative, that such exhaustion would have been futile. We disagree, and we shall affirm the judgment of the district court.
 
 
 2
 * Plaintiff McKinley Gardenhire was a spot welder with the Metal Assembly Division of defendant Budd Company. Mr. Gardenhire was covered by a collective bargaining agreement entered into between Budd and defendant Local 306 of the United Auto Workers. The collective bargaining agreement established a grievance procedure culminating in arbitration. A union decision not to take a grievance to arbitration could be appealed internally under an elaborate procedure established by the union's constitution.
 
 
 3
 Mr. Gardenhire was laid off by Budd in January of 1980. He had not been recalled as of the date on which his recall rights expired. In September of 1984 Mr. Gardenhire filed a grievance protesting his layoff more than four and a half years earlier. At each step of the established grievance procedure, the grievance was denied as untimely. The final denial of the grievance came on July 12, 1985. More than a year later Mr. Gardenhire retained counsel and asked the union (for the first time) to take his grievance to arbitration. On October 3, 1986, the union notified Mr. Gardenhire of its decision not to take the grievance to arbitration.
 
 
 4
 Mr. Gardenhire filed a complaint in federal district court on February 5, 1987, alleging breach by the union of its duty of fair representation and wrongful discharge by the company. (The complaint also advanced a pendent state law claim which Mr. Gardenhire now concedes is preempted by the Labor Management Relations Act.) The parties filed cross-motions for summary judgment. The district court granted the defendants' motion, and this appeal followed.
 
 II
 
 5
 The plaintiff argues that a certain letter sent to the president of Local 306 on September 5, 1986, with carbon copies to officials of the union's regional and international levels, was sufficient to exhaust the plaintiff's internal appeal rights as required by Monroe v. International Union, UAW, 723 F.2d 22, 25-26 (6th Cir.1983) (per curiam). On its face, the letter did not purport to appeal a decision not to take the grievance to arbitration; on the contrary, it asked the union in the first instance to have the grievance arbitrated. We do not see how the letter can be construed as an attempt to invoke, let alone exhaust, the internal appeal rights available where such a request to the union has been denied.
 
 
 6
 Mr. Gardenhire relies on an Eighth Circuit case in which a single letter was held to exhaust an employee's internal union remedies. Stafford v. Ford Motor Co., 835 F.2d 1227, 1230-31 (8th Cir.1987). That case, however, involved an appeal from an interpretation of a collective bargaining agreement. Under the UAW constitution, such appeals are governed by a different procedure than appeals challenging the handling of a grievance. Id. at 1230. We believe that the district court correctly concluded that the exhaustion requirement was not satisfied here.
 
 
 7
 The Supreme Court has held that internal union appeals need not be exhausted if exhaustion would be futile. Exhaustion is considered futile where the internal appeals procedure could not result in either reactivation of the grievance or an award of complete relief. Clayton v. International Union, UAW, 451 U.S. 679, 692 (1981).
 
 
 8
 In this case, it is undisputed that the union could be made to pay any damages caused by its failure to take Mr. Gardenhire's grievance to arbitration, assuming the decision not to arbitrate was reversed on internal appeal. The union could not effect a reinstatement, of course, but the plaintiff's complaint does not ask for reinstatement. In analyzing what appears to have been the same UAW internal appeals procedure with which we are concerned here, the Supreme Court has suggested the procedure affords "complete relief" to an employee who is seeking only money damages. Clayton, 451 U.S. at 690, 692.
 
 
 9
 There is no serious suggestion here of any other basis for finding that exhaustion of the plaintiff's internal appeal rights would be futile. There is no allegation in the complaint and no evidence in the record that the union is "so hostile" to Mr. Gardenhire that it could not be expected to give his claims fair consideration. Contrary to what the plaintiff's lawyer may have been told, moreover, the highest body that considers internal appeals under the UAW procedure, a "Public Review Board," is an independent body composed of outside experts on labor law.
 
 
 10
 There is no indication, finally, that exhaustion of Mr. Gardenhire's internal remedies would have prejudiced his position in a later judicial proceeding. The statute of limitations would have been tolled while internal appeals were pending. See Frandsen v. Brotherhood of Railway, Airline and Steamship Clerks, 782 F.2d 674, 684 (7th Cir.1986).
 
 
 11
 The judgment of the district court is AFFIRMED.