Harley WAGNER, Plaintiff–Appellant,

v.

GENERAL DYNAMICS, et al.,
Defendants–Appellees.

No. 89–3617.

United States Court of Appeals,
Sixth Circuit.

Argued April 12, 1990.

Decided June 8, 1990.

Peter R. Van Arsdel (argued), Celina, Ohio, for Harley Wagner.

Rolf Scheidel (argued), Shumaker, Loop & Kendrick, Toledo, Ohio, for General Dynamics, Land Systems Div., Lima Tank Plant.

Joan Torzewski (argued), Gerald B. Lackey, Lackey, Nusbaum, Harris, Reny & Torzewski, Toledo, Ohio, for United Auto., Aerospace & Agr. Implement Workers of America, Local 2075.

Before MERRITT, Chief Judge; GUY and NORRIS, Circuit Judges.

PER CURIAM.

Plaintiff, Harley Wagner, appeals from the dismissal without prejudice of his hybrid section 301 action[1] for failure to exhaust internal union remedies. Because we find that the plaintiff's failure to seek redress through internal union procedures cannot be excused under any exception identified in *Clayton v. International Union, UAW*, 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981), we affirm.

I.

On October 4, 1984, the plaintiff was inadvertently sprayed with a fire-extinguishing chemical known as "Halon" while testing a tank at the General Dynamics Land Systems Division (General Dynamics) plant in Lima, Ohio. The plaintiff received examinations at the plant and at a nearby hospital, and then obtained authorization to return to work without restrictions. The plaintiff went back to his job, which he retained for more than one month following the Halon incident. On November 16, 1984, however, the plant medical director issued a memorandum recommending reassignment of the plaintiff to a position not involving potential exposure to Halon. In accordance with the doctor's recommendation, General Dynamics temporarily reassigned the plaintiff to a new job on November 17, 1984, and then permanently transferred him to inspection duties on December 17, 1984. Finally, the plaintiff was transferred to a new department in March

---

1. Section 301 of the Labor–Management Relations Act, 29 U.S.C. § 185.

of 1985 to completely eliminate any risk of Halon exposure.

Plaintiff Wagner, acting through his union, responded to the various transfers by filing several grievances, but General Dynamics denied the grievances citing concern about Halon exposure as ample justification for reassigning the plaintiff against his will. After discussing medical evidence concerning the physiological effects of Halon on the plaintiff, officials of the United Automobile, Aerospace, and Agricultural Implement Workers of America (UAW) Local 2075, purportedly acting on behalf of the plaintiff, withdrew the grievances. The plaintiff appealed the union's decision to the UAW International Executive Board Appeals Committee (UAW Appeals Committee), and also filed a lawsuit on May 16, 1986, in the Allen County, Ohio, Court of Common Pleas against General Dynamics, the UAW, and Local 2075. The plaintiff's complaint charged General Dynamics with violating the collective bargaining agreement (CBA), and further alleged that the UAW and Local 2075 breached their duty of fair representation by failing to enforce the CBA, thereby setting forth a classic hybrid section 301 claim.[2] *See, e.g., White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 559–60 (6th Cir.1990). After the defendants removed the action to the United States District Court for the Northern District of Ohio, the parties engaged in protracted discovery. While the suit was pending, the UAW Appeals Committee reinstated the plaintiff's grievances. Consequently, on February 29, 1988, the district court dismissed the plaintiff's hybrid section 301 action as premature upon "being advised that plaintiff['s] underlying grievances have been reinstated in the grievance procedure[.]"

The reactivation of the plaintiff's grievances resulted in a settlement between the UAW International Union and General Dynamics whereby Wagner returned to his former position and received $2,500 as compensation for lost overtime opportunities. Despite the settlement, Wagner filed a second lawsuit against General Dynamics, the UAW, and Local 2075 on November 21, 1988, in the Allen County Court of Common Pleas seeking damages for emotional injury, lost benefits and wages, and $9,000 in expended attorney fees on a hybrid section 301 theory. The defendants removed the case to the Northern District of Ohio, and then moved for dismissal or summary judgment on various grounds. On June 6, 1989, the district court entered a brief order dismissing the plaintiff's hybrid section 301 claim without prejudice for failure to exhaust internal union appeals procedures. This appeal followed.

## II.

"As a general rule in cases to which federal law applies, federal labor policy requires that individual employees wishing to assert contract grievances must *attempt* use of the contract grievance procedure agreed upon by employer and union as the mode of redress" before filing suit. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1965) (emphasis in original). According to *Clayton*, 451 U.S. 679, 101 S.Ct. 2088, this exhaustion requirement similarly applies to internal union appeals procedures provided by a union constitution. *See id.* at 696, 101 S.Ct. at 2099; *accord Monroe v. International Union, UAW*, 723 F.2d 22, 24 (6th Cir.1983); *see also* UAW Const. art. 33, § 5. Moreover, inexcusable failure to exhaust union appeals bars suit "not only against the union[ ], but also against [the employer]." *Monroe*, 723 F.2d at 24. The Supreme Court explained in *Clayton*, however, that "courts have discretion to decide whether to require exhaustion of internal union procedures" under certain circumstances.[3] *Clayton*, 451 U.S. at 689, 101

---

2. The plaintiff also asserted breach of warranty and negligence claims against the manufacturers of the fire extinguisher that sprayed Halon in his face. These claims, which were dismissed with prejudice by stipulation, have no bearing upon the case presently before us.

3. The discretion granted to district courts with regard to waiving exhaustion requirements has led at least one court to review such decisions only for abuse of discretion. *See Zuniga v. United Can Co.*, 812 F.2d 443, 450 (9th Cir.1987). Our determination that the district court proper-

S.Ct. at 2095. The *Clayton* Court identified three factors that courts should consider in deciding whether to excuse a plaintiff's failure to exhaust internal union procedures:

> [F]irst, whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; second, whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks under § 301; and third, whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim.

*Id.; accord Monroe*, 723 F.2d at 24–25. "If any of these factors are found to exist, the court may properly excuse the employee's failure to exhaust." *Clayton*, 451 U.S. at 689, 101 S.Ct. at 2095. Wagner contends that each of the three justifications for excusing exhaustion is present in this case. We disagree.

The plaintiff's allegation of union hostility raises a concern that we addressed in *Monroe*, 723 F.2d 22. Under the terms of the UAW constitution, the appeal process available to an aggrieved employee is as follows:

> FIRST, to the membership or delegate body immediately responsible for the official, officer, action or decision under challenge; SECOND, to the International Executive Board, unless the appeal begins there; and THIRD, to the Convention Appeals Committee or Public Review Board, as may be appropriate.

UAW Const. art. 33, § 2(a); *see also Monroe*, 723 F.2d at 24. Wagner concedes that his grievances were reinstated at the second level of this process by the UAW Appeals Committee, and then settled by the UAW International Union. If the plaintiff wishes to seek review of the union's decision to settle his grievances, the UAW constitution permits him to seek redress before the Public Review Board (PRB). *See*

UAW Const. art. 33, § 2(a). In *Monroe*, we observed that the PRB "consists 'of impartial persons of good public repute,' neither members nor employees of UAW." *Monroe*, 723 F.2d at 24 n. 3 (quoting UAW Const. art. 32, § 1). "The [PRB], one of the avenues of last resort available to aggrieved employees under the UAW constitution's internal procedures, is, according to uncontradicted evidence, an independent group of academic and social agency persons with no UAW affiliation." *Id.* at 24 n. 3. Thus, we concluded that "[t]here is no indication whatever that [the PRB] (including a former distinguished member of this court) would operate with any bias or ill will towards [the plaintiff]." *Id.* We reach the same conclusion in this case; the plaintiff cannot show that the PRB would deny him a fair hearing as contemplated in *Clayton*.

The plaintiff's assertion that the PRB cannot reactivate his grievances or provide him with the full relief that he seeks is equally meritless. The plaintiff does not seriously contest the PRB's authority to reinstate his grievances, but instead points out that reinstatement of his grievances by the PRB will not afford him the opportunity to obtain full back pay from General Dynamics. We find this circumstance insignificant insofar as the exhaustion requirement is concerned. As the Supreme Court stated in *Clayton*, exhaustion is mandatory "[w]here internal union appeals procedures can result in *either* complete relief to an aggrieved employee *or reactivation of his grievance*[.]" *Clayton*, 451 U.S. at 692, 101 S.Ct. at 2097 (emphasis added). The Seventh Circuit, on facts nearly identical to those presented by Wagner, explained that "[a]s long as the intra-union appeals process could result in the reinstatement of a grievance, thus bringing it back within the framework of the collectively negotiated procedure for settling contract disputes, final resolution of the employee's contractual grievance is possible through the preferred private means." *Miller v. General Motors Corp.*, 675 F.2d

---

ly refused to excuse the plaintiff's failure to exhaust in this case does not depend upon the deferential abuse of discretion standard. The result would be the same under the *de novo* standard typically applicable to rulings on motions to dismiss.

146, 149 (7th Cir.1982). Therefore, the availability of grievance reinstatement through appeal to the PRB mandates exhaustion and renders consideration of the availability of full relief unnecessary under *Clayton*.[4] *See id.; see also Hayes v. Brotherhood of Ry. and Airline Clerks,* 727 F.2d 1383, 1386 (5th Cir.), *cert. denied,* 469 U.S. 935, 105 S.Ct. 336, 83 L.Ed.2d 272 (1984). This logic forecloses the plaintiff's argument regarding the adequacy of relief available from the PRB.[5]

Wagner's final contention pertains to the delay occasioned by exhaustion of intra-union appeal procedures. Specifically, he avers that his investment of five years and $10,000 in expenses justifies his endeavor to bypass the PRB. The prolonged process culminating in this appeal, however, is attributable largely to Wagner's repeated attempts to prematurely obtain judicial review of his claims. Moreover, exhaustion at this juncture simply will entail resort to the PRB. We do not view exhaustion of this single remaining avenue of relief as either unnecessarily time-consuming or exceptionally onerous. Accordingly, we find the district court's dismissal without prejudice of Wagner's hybrid section 301 suit entirely appropriate.[6]

AFFIRMED.

---

**4.** Although the Seventh Circuit based its conclusion to this effect on the language of *Clayton,* it also offered the following rationale for its ruling:

> The need for complete relief, by § 301(a) standards, is not compelling, and we do not think *Clayton* requires it, where higher principles favoring collective negotiations and resolution of disputes through negotiated procedures may still be given effect.

*Miller,* 675 F.2d at 149.

**5.** Even assuming, *arguendo,* that reinstatement of the plaintiff's grievances without the prospect of full relief would excuse exhaustion under *Clayton,* resort to the PRB prior to filing suit still would be imperative in this case. As the UAW concedes, "if [Wagner] would have been blocked from obtaining back pay from [General Dynamics], such a remedy was still available against the union." Union Brief at 17 n. 2; *see also Curry v. Ford Motor Co.,* 646 F.Supp. 261, 264 (W.D.Ky.1983).

**6.** Because we find that dismissal for failure to exhaust internal union procedures is appropriate as a threshold matter, we need not reach the various other seemingly meritorious grounds asserted by the defendants in support of dismissal.