**Arthur MURRAY, Plaintiff,**

v.

**FORD MOTOR COMPANY and International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), Defendants.**

**No. 91–CV–72184–DT.**

United States District Court,
E.D. Michigan, S.D.

March 11, 1992.

Bernard Feldman, Schefman & Miller, Troy, Mich., for plaintiff.

Michael J. O'Reilly, Ford Motor Co., Dearborn, Mich., Connye Y. Harper, Jordan Rossen, UAW Intern. Union, Legal Dept., Detroit, Mich., for defendants.

## ORDER GRANTING DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT

HACKETT, District Judge.

Defendants Ford Motor Company (Ford) and International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) filed a joint motion for summary judgment on both counts of plaintiff's complaint pursuant to Fed.R.Civ.P. 56. Plaintiff has not filed a brief in opposition to the motion. The court has reviewed the file and the arguments of defendant and has considered the facts in a light most favorable to the non-moving party. For the reasons stated below, defendants' motion for summary judgment will be granted.

## I. FACTS

Plaintiff was originally employed by defendant Ford Motor Company on July 9, 1973, at its Utica Trim Plant and joined the UAW shortly thereafter. On or about October 2, 1987, plaintiff was terminated from his job at the Utica plant because of his failure to respond to a "five day notice" pursuant to the collective bargaining agreement between the UAW and Ford (Caulford affidavit, ex. 17). Plaintiff had been on medical leave for a nervous disorder. A grievance was filed protesting his discharge on October 19, 1987. The grievance was appealed through the third stage of the grievance procedure and then on July 14, 1988, turned over to the International Union for the fourth stage—appeal to umpire (Caulford affidavit, ex. 16). Lewis Caulford of the National Ford Department of the UAW was assigned the fourth stage grievance. After reviewing the grievance and past precedent of appeals to the umpire in similar situations and attempting to

get plaintiff reinstated by talking with plant officials, Caulford decided to withdraw the grievance on October 13, 1988. Plaintiff was informed of the decision to withdraw the grievance (Caulford affidavit, ex. 10). Plaintiff requested that Caulford pursue the grievance "as far as it has to go," (Caulford affidavit, ex. 8). No further actions were taken on the grievance.

On March 22, 1989, plaintiff and union and plant officials signed an agreement for "reinstatement, without loss of seniority" (Complaint, ex. a), and plaintiff returned to work. Upon notification of plaintiff's return to work, Lewis Caulford of the International Union contacted Ford to determine plaintiff's seniority date in order to ensure seniority rights of other union members (Caulford affidavit, p. 3). He was notified in September, 1989, by plant officials that plaintiff was a "rehire" with seniority to March 22, 1989, and not a "reinstatement" (Caulford affidavit, p. 3 and exs. 11 & 12). Approximately one year later plaintiff found out that his seniority dated from March 22, 1989, the date he returned to work, not July 9, 1973, his original hire date. Lewis Caulford verified this information with plaintiff and informed him of the proper intra-union appeal procedures in June, 1990, (Caulford affidavit, ex. 16).

Plaintiff filed a complaint in this court on January 22, 1991, alleging:

> Count I—breach of contract under 29 U.S.C. § 185 against both defendants;
> Count II—infringement of rights under 29 U.S.C. § 411.

Plaintiff seeks return of his seniority, monetary damages resulting from layoff because of the loss of seniority, and punitive damages.

Defendants filed a joint motion for summary judgment arguing that plaintiff's § 301 claim is barred because he has failed to exhaust internal union appeals procedures set forth in Articles 32 and 33 of the constitution of the International Union before commencing any litigation. *See Monroe v. UAW*, 723 F.2d 22, 24–25 (6th Cir. 1983); *Wagner v. General Dynamics and UAW*, 905 F.2d 126 (6th Cir.1990); *Ryan v. General Motors and UAW*, 929 F.2d 1105 (6th Cir.1989). Defendants contend that plaintiff cannot demonstrate that the appeals process would have been futile in order to excuse plaintiff from the exhaustion requirement. *See Monroe v. UAW, supra; Willets v. Ford Motor Co. and UAW Local 898*, 583 F.2d 852 (6th Cir. 1978).

Defendants further claim that count I of plaintiff's complaint is barred by his failure to show a breach of duty of fair representation by the union under the standards set in *Air Line Pilots Association v. O'Neill*, — U.S. ——, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991). On count II of plaintiff's complaint, defendants argue that plaintiff has failed to state a claim under the Labor–Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 411(a)(5) because the statute governs only disciplinary actions administering membership rights. Defendants contend that plaintiff's claim is not based on a disciplinary action by the union. *See Breininger v. Sheetmetal Workers International Association, Local Union 6*, 849 F.2d 997 (6th Cir.1988) *rev'd on other grounds*, 493 U.S. 67, 110 S.Ct. 424, 107 L.Ed.2d 388 (1989). Thus, defendants contend that summary judgment should enter in their favor on all counts of plaintiff's complaint.

## II. DISCUSSION

### A. Standard for Summary Judgment

■ Federal Rule of Civil Procedure 56(c) provides that a moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A party may not defeat a motion for summary judgment simply by asserting that facts are in dispute. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir.1989). When the moving party establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law, the opposing party assumes the burden to come forward with "specific facts showing that there is a genuine issue

for trial." *First National Bank of Arizona v. Cities Services Co.*, 391 U.S. 253, 270, 88 S.Ct. 1575, 1583, 20 L.Ed.2d 569 (1968). Mere allegations or denials in the non-movant's pleadings will not meet this burden. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

All facts and inferences must be viewed in the light most favorable to the non-moving party. However, the non-moving party may not rest upon its pleadings and must, in some way, show specific facts pointing to an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

*B. Hybrid § 301/fair representation claim—29 U.S.C. § 185*

 Exhaustion of union appeals procedures is usually required before filing a suit under § 301 of the Labor Management Relations Act, 1947, 29 U.S.C. § 185, unless resort to those procedures is demonstrably futile. *Clayton v. International Union, UAW*, 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981); *Monroe v. International Union, UAW*, 723 F.2d 22, 24 (6th Cir.1983). The United States Supreme Court in *Clayton* set forth the factors a trial court should consider in determining whether to require exhaustion of internal union procedures before bringing a hybrid breach of duty of fair representation/breach of contract claim under § 301. The factors are:

1) Whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim;

2) Whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks under § 301;

3) Whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim.

*Clayton*, 451 U.S. at 689, 101 S.Ct. at 2095. If any of these factors are found to exist, the court may excuse the employee's failure to exhaust. *Id.*, 451 U.S. at 689, 101 S.Ct. at 2095. Failure to exhaust internal appeals remedies, bars suit against both the union and the employer. *Id.* at 692, 101 S.Ct. at 2097.

The Sixth Circuit in *Monroe v. International Union, UAW*, 723 F.2d 22 (6th Cir. 1983), followed the ruling in *Clayton*. The Court of Appeals addressed only the second factor of *Clayton*—the adequacy of the internal procedures.

Where the union member is fully advised of appeal procedures and the union constitution mandates that they be exhausted and where those procedures give full relief as defined in *Clayton*, we hold that the balance falls in favor of requiring exhaustion.... The balance of efficiency requires the union member to determine whether the remedy is futile. Monroe made no attempt to investigate the adequacy of these remedies.

*Id.*

In a more recent case, *Wagner v. General Dynamics*, 905 F.2d 126 (6th Cir.1990), the Sixth Circuit addressed all three of the *Clayton* factors. On plaintiff's allegation of union hostility, the court concluded, as it did in *Monroe*, that the constitution allowed appeal to the Public Review Board (PRB) and there was no indication whatever that the PRB would act with any bias or ill will toward plaintiff. *Id.* at 128.

Regarding the second *Clayton* factor, the court held that this factor required "*either* complete relief to the aggrieved employee *or reactivation of his grievance*." *Id.* (emphasis in original) (quoting *Clayton*, 451 U.S. at 692, 101 S.Ct. at 2097). On the "undue delay" factor, the court did not view exhaustion of the remaining avenue of relief as unnecessarily time-consuming or exceptionally onerous. *Id.* at 129.

In the present case, plaintiff did not exhaust the internal appeals procedures available to him. On the grievance initiated because of the termination of his employment in 1987, plaintiff was informed that the union would not pursue the fourth stage—umpire appeal. At that time, if plaintiff was dissatisfied with the union's decision, he was required under the union constitution to file an appeal to the Public Review Board. Plaintiff filed no such appeal.

When plaintiff found out in 1990 that his "reinstatement" to work was considered a "rehire" and that his seniority date was 1989, plaintiff was again required to follow the contract procedures and file a grievance. If the local union would not pursue his grievance, he needed to appeal to the International union. Plaintiff was notified by Lewis Caulford, an International union official of the required appeal procedures. Plaintiff did not pursue those procedures.

Plaintiff cannot show that he can meet even one of the *Clayton* factors to excuse his failure to exhaust the internal appeals procedures. Even though summary judgement standards require more than mere allegations, plaintiff has not even alleged undue delay in pursuing the internal appeal nor that the procedures could not provide an adequate remedy.

On the hostility factor of a *Clayton* analysis, plaintiff's complaint and the affidavits and exhibits attached to defendants' brief in support of its motion present allegations of possible hostility of local union and the International union officials. Plaintiff's letters to Lewis Caulford indicate pressure on the part of Ford and the union for plaintiff to cooperate in naming drug suppliers working in the plant (Caulford affidavit, exs. 8 & 9). This pressure resulted in plaintiff taking the medical leave which eventually resulted in his termination. As stated in plaintiff's complaint, he did participate in investigations of drug trafficking in the plant by local law enforcement agencies both before and after his discharge. However, these are no more than mere allegations of hostility of the local union officials and International union officials and are insufficient to oppose a motion for summary judgment. Additionally, plaintiff did not even allege hostility or futility of the internal appeals procedures. Since plaintiff cannot demonstrate futility in pursuing the appeals procedures, his failure to exhaust the internal remedies provided by the union constitution entitles the defendants to summary judgment on count I.

█ Defendants are also entitled to summary judgment on count I because plaintiff has failed to show any breach of duty of fair representation. To prevail in a hybrid § 301/fair representation suit, the plaintiff must show not only that the employer breached the collective bargaining agreement, but also must show the union breached their duty of fair representation. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 570, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231 (1976). There is no breach of duty of fair representation when the union, in good faith and in a non-arbitrary manner, uses its discretion and concludes that arbitration would be fruitless or processes the grievance in a careless manner. *Vaca v. Sipes*, 386 U.S. 171, 194, 87 S.Ct. 903, 919, 17 L.Ed.2d 842 (1967); *Ryan v. General Motors Corp.*, 929 F.2d 1105, 1109 (6th Cir.1989). Plaintiff presents no evidence that the union's withdrawal of his grievance at the fourth stage was in bad faith, discriminatory, or arbitrary. In good faith, Caulford withdrew the grievance after investigating the facts and concluding that there would not be a favorable outcome. There is no evidence of any personal hostility by Caulford against plaintiff. Since plaintiff cannot possibly meet the burden of showing a breach of the duty of fair representation, summary judgment on the hybrid § 301 claim is appropriate.

### C. Violation of 29 U.S.C. § 411

█ In count II of the complaint, plaintiff claims the union's alleged actions in demanding the change in his seniority date were retaliatory and constituted improper disciplinary action in violation of rights secured under 29 U.S.C. § 411. Defendants contend that plaintiff's claim does not come under the definition of "disciplinary action" as provided in the statute. The court agrees with defendants' contention but for other reasons.

In *Breininger v. Sheet Metal Workers International Association Local Union No. 6*, 493 U.S. 67, 110 S.Ct. 424, 107 L.Ed.2d 388 (1989), the Supreme Court affirmed the Sixth Circuit's conclusion on a § 411 claim, but did not adopt its reasoning. Instead, the Court found that "by using the phrase 'otherwise discipline,' Congress did not intend to include all acts that deterred the exercise of rights protected under the LMRDA, but rather meant

instead to denote only punishment authorized by the union as a collective entity to enforce its rules." *Id.* at 91–92, 110 S.Ct. at 438–39. The Court concluded that "discipline" was meant to signify penalties applied by the union in its official capacity rather than ad hoc retaliation by individual union officers. *Id.*

In the present case plaintiff's allegations are that the union actions were retaliatory because of plaintiff's cooperation in police investigations of drug activity at the plant. Under *Breininger* these claims of retaliation are insufficient to support a claim for a violation of § 411. Thus, defendants are entitled to summary judgment on count II of plaintiff's complaint.

### III. CONCLUSION

For the reasons stated above, defendants' joint motion for summary judgment on counts I and II are granted. Plaintiff's claim hereby is dismissed without prejudice.

SO ORDERED.