**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0815n.06

**No. 11-3644**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

*Jul 30, 2012*

LEONARD GREEN, Clerk

| | |
|---|---|
| SAM SPICER; NICK WILSON, On behalf of themselves and all others similarly situated | ) ) ) |
| Plaintiffs - Appellants | ) ) |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| FORD MOTOR COMPANY; BATAVIA TRANSMISSION, LLC; INTERNATIONAL UNION, UAW; UAW LOCAL 863 | ) ) ) ) | OPINION |
| Defendants - Appellees | ) |

Before:  BOGGS and STRANCH, Circuit Judges, and STAMP, District Judge.[*]

**JANE B. STRANCH**, Circuit Judge.  Sam Spicer and Nick Wilson ("the plaintiffs") appeal from the district court's final order dismissing without prejudice their complaint alleging breach of the duty of fair representation against the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") and its Amalgamated Local 863 (collectively "the Union").  The dismissal was based on failure to exhaust internal union remedies. Fed. R. Civ. P. 12(b)(6); 29 U.S.C. § 158.  After the district court entered that order, the plaintiffs stipulated to the dismissal without prejudice of their hybrid breach of contract claim against Ford Motor Company

---

[*]The Honorable Frederick P. Stamp, Jr., Senior United States District Judge for the Northern District of West Virginia, sitting by designation.

1

("Ford") and Batavia Transmission, LLC ("Batavia") under § 301 of the Labor Management Relations Act. We AFFIRM.

## I. FACTS

We accept as true the facts stated in the plaintiffs' complaint. Starting in 2004, the plaintiffs worked as manufacturing technicians at the Ford transmission plant in Batavia, Ohio. They voluntarily terminated their employment on January 1, 2007, when they accepted substantial cash buy-outs from Ford. In April 2007, the plaintiffs were included in a group of employees who were called back to work. The plaintiffs worked continuously from April 16, 2007, through June 13, 2008. The plaintiffs alleged that the collective bargaining agreement ("CBA") provided that an employee with three months of continuous employment within the year following the date of hire or rehire acquires seniority as of the date he was hired or last rehired, whichever is later. The plaintiffs further alleged that their work period of more than one year gave them protected status for the duration of the CBA for the purposes of pay, seniority, benefits, and preferential treatment as full-time Ford employees. They also asserted that they did not waive any rights to seniority and recall to which they would be entitled under the CBA. Ford and Batavia took the position that upon their rehire in April 2007, the plaintiffs were characterized as Super Temporary Part Time Employees ("Super TPTs"), a classification in an agreement made part of the CBA that did not entitle them to accrue seniority.

In February 2008, the plaintiffs and other employees filed grievances alleging that Ford breached the terms of the CBA by not granting them the seniority and recall rights to which they believed they were entitled as full-time employees. The Union assisted the plaintiffs in pursuing these grievances until January 2009, when the Union, acting through its Regional Servicing

Representative, withdrew all of the grievances "without Precedence or Prejudice." The plaintiffs alleged that they were treated differently from employees at another plant facility at Flat Rock, Michigan, whose identical grievances were sustained.

The plaintiffs appealed to the Union's International Executive Board ("the IEB"), which held an evidentiary hearing in October 2009 and resolved the dispute on the merits against the plaintiffs in a written decision issued in January 2010. Plaintiffs acknowledge that they were subject to the terms of the UAW Constitution, and referenced Article 33 which specifies that the third and final level of internal appeal is either to the Convention Appeals Committee ("CAC") or the Public Review Board ("PRB"). The plaintiffs made contradictory allegations in the complaint regarding these internal appeals. They first claimed that they pursued all administrative remedies available, but then acknowledged the existence of the PRB and its authority under the UAW Constitution to hear complaints from Union members concerning decisions of Union officials the members believe are adverse to their interests. Plaintiffs subsequently alleged that any further appeal from the IEB's decision would have been futile. The plaintiffs filed suit in federal district court in July 2010, prompting the Union to file a motion to dismiss.

## II. ANALYSIS

We review *de novo* the district court's decision to grant a motion to dismiss under Rule 12(b)(6). *See Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011). While we accept as true the factual allegations included in the complaint and draw all reasonable factual inferences from those facts in favor of the plaintiffs, we are not required to accept as true a legal conclusion that has been couched as a factual allegation. *Id.*

The plaintiffs are required to exhaust internal union appeal procedures if they can obtain complete relief on their claims or achieve the reactivation of their grievances through those procedures. *See Chapman v. UAW Local 1005*, 670 F.3d 677, 683 (6th Cir. 2012) (en banc) (citing *Clayton v. Int'l Union*, 451 U.S. 679, 692 (1981)). Exhaustion is mandated in order to give the Union an opportunity to rectify the alleged wrongs about which the plaintiffs complain. *Id.* The plaintiffs can avoid exhaustion of internal union appeals only if they can show that: (1) the Union is so hostile to them that they have no hope of obtaining a fair hearing on their claims; (2) internal union appeals procedures are inadequate to provide relief or reactivate their grievances; or (3) exhaustion would unreasonably delay their chances to obtain a judicial hearing on the merits of their claims. *Id.* (citing *Clayton*, 451 U.S. at 689). The district court correctly dismissed the complaint because the plaintiffs did not allege sufficient facts to support any of these *Clayton* exceptions to the requirement that plaintiffs exhaust their internal union remedies.

Though plaintiffs alleged that the Union ignored or delayed their grievances and ultimately "pulled" the grievances, they did not allege hostility. The allegations made are belied by Plaintiffs' appeal to the IEB, which resulted in an evidentiary hearing and a written decision on the merits of their claims. Although the plaintiffs pursued their grievance through the Step 2 decision of the IEB, they did not undertake Step 3 by requesting that the CAC or the PRB overturn the IEB's decision and exercise the power to reinstate their grievance. The plaintiffs have not alleged any facts to explain why they did not pursue an appeal to the CAC or the PRB before filing suit or why the CAC or PRB would be hostile toward them. *See LaPerriere v. UAW*, 348 F.3d 127, 131 (6th Cir. 2003) (noting that hostility must exist at every level of the appeals process). The plaintiffs also have not demonstrated how exhaustion of internal union remedies would have unreasonably delayed their

4

opportunity to obtain a judicial hearing on their claims. Because the plaintiffs did not make a plausible showing of hostility, inadequacy, or delay, the plaintiffs are not excused from the exhaustion requirement. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Chapman*, 670 F.3d at 683; *Wagner v. Gen. Dynamics*, 905 F.2d 126, 128–29 (6th Cir. 1990) (per curiam) (holding availability of grievance reinstatement through appeal to PRB mandated exhaustion).

Plaintiffs' conclusory allegations failed to allege facts that would excuse the requirement that they exhaust internal union remedies. Despite this pleading failure, on appeal plaintiffs seek to bolster their claim through case law. The cases cited are all readily distinguishable from the instant situation. In *Glover v. St. Louis-San Francisco Ry. Co.*, 393 U.S. 324, 330–31 (1969), a case under the Railway Labor Act, the Supreme Court concluded that exhaustion would be futile because the employees' complaints of race discrimination to their union representatives were either ignored or actively discouraged and the employees alleged that the union representatives acted in concert with railroad officials to prevent the plaintiffs from obtaining promotions based on race. Because the plaintiffs alleged facts showing systemic racial discrimination and hostility of the union representatives toward the complaining employees, the Supreme Court concluded that exhaustion would be futile. *Id.* The complaint in this case does not contain any similar facts demonstrating union hostility that would compel the conclusion that exhaustion of internal union remedies would have been futile.

The cases of *Rabalais v. Dresser Indus., Inc.*, 566 F.2d 518 (5th Cir. 1978) (per curiam), and *Parker v. Local 413, Int'l Bhd. of Teamsters, Chauffeurs, Warehouseman, and Helpers of Am.*, 501 F. Supp. 440 (S.D. Ohio 1980), do not support the plaintiffs because those cases involved the exhaustion of remedies under a collective bargaining agreement, not internal union remedies under

5

a union constitution. *See Chapman*, 670 F.3d at 683–84 (explaining why litigants should not confuse exhaustion of contractual remedies under a CBA with exhaustion of internal union remedies). Plaintiffs' citation to *Barousse v. Paper, Allied-Indus.*, No. CIV.A 99-2600, 2000 WL 1263120 (E.D. La. Sept. 6, 2000), is also not helpful. In that case, the union and its members did not agree on the proper recipient of a punitive damages award won in arbitration. *Id.* at **1–2. The district court held that exhaustion would be futile because the "parties are on opposite ends of the argument and both have a financial interest in the outcome. Therefore, the Union's argument that the employees must turn toward the Union itself for resolution of the issue rings hollow." *Id.* at *5. *Barousse* is in no way similar to the situation we confront in this case.

### III. CONCLUSION

Plaintiffs failed to allege facts sufficient to show that exhaustion of internal union remedies was futile. Their failure to exhaust internal union remedies bars this suit against the Union, and because the plaintiffs cannot prevail against the Union, they also cannot prevail against Ford and Batavia in this hybrid cause of action. *See Chapman*, 670 F.3d at 682. Accordingly, we AFFIRM the district court's order dismissing the suit.