841 F.2d 1125
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lynn L. BREININGER, Plaintiff-Appellant,
v.
SHEET METAL WORKERS INT'L ASSOC., LOCAL UNION NO. 6,
Defendant-Appellee.
 No. 87-3224.
 United States Court of Appeals, Sixth Circuit.
 March 1, 1988.
 
 Before ENGEL, CORNELIA G. KENNEDY and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The instant action arises from plaintiff-appellant Lynn L. Breininger's allegation that appellee, the Sheet Metal Workers International Association Local Union No. 6 ("the Union") failed to refer Breininger for employment through the union hiring hall. Breininger has asserted that this failure to refer amounted to 1) a breach of the Union's duty of fair representation, and 2) retaliation for political opposition and a violation Sections 101, 102, and 609 of the Union Member's Bill of Rights of the Labor-Management Reporting and Disclosure Act of 1959 (the "LMRDA"). The lower court granted the Union's motion for summary judgment, deciding that the case was committed to the exclusive jurisdiction of the National Labor Relations Board (NLRB). From this decision, Breininger appealed.
 
 
 2
 It is well-settled that union discrimination in job referrals is a matter within the exclusive jurisdiction of the NLRB. See Local 100, Journeymen v. Borden, 373 U.S. 690, 695-696, 83 S.Ct. 1423, 10 L.Ed.2d 638 (1963); Int'l Brotherhood of Boilermakers v. Hardeman, 401 U.S. 233, 239, 91 S.Ct. 609, 28 L.Ed.2d 10 (1971); Turner v. Local Lodge No. 455, 755 F.2d 866 (11th Cir.1985).
 
 
 3
 It is of no consequence that the union's allegedly discriminatory referral policies are described as a breach of the NLRA's duty of fair representation or as a violation of the LMRDA's bill of rights. "It is not the label affixed to the cause of action ... that controls the determination." Borden, 373 U.S. at 698. The case law developed subsequent to Borden and Hardeman forecloses either theory.
 
 
 4
 Circuit courts have consistently held that NLRA fair representation claims must be brought before the Board. Journeymen Pipe Fitters Local 392 v. NLRB, 712 F.2d 225, 228 (6th Cir.1983); Laborers Health & Welfare Trust for Northern California v. Advanced Lightweight Concrete Co., Inc., 779 F.2d 497 (9th Cir.1985), cert. granted, 107 S.Ct. 1283 (1987). Moreover, if the employee fails to affirmatively allege that his employer breached the collective bargaining agreement, which appellant failed to do in the case at bar, he cannot prevail. Bagsby v. Lewis Brothers, Inc. of Tennessee, 820 F.2d 799, 801 (6th Cir.1987) (plaintiff must prove that the employer breached the collective bargaining agreement and that the union breached its duty of fair representation or plaintiff cannot succeed against either the union or the employee).
 
 
 5
 Appellant's LMRDA claim is equally without merit. This claim must fail because appellant did not demonstrate that he was improperly "disciplined," a crucial element to a LMRDA claim.
 
 
 6
 The term "discipline" was "meant to refer only to punitive actions diminishing membership rights." Finnegan v. Leu, 456 U.S. 431, 438, 102 S.Ct. 1867, 72 L.Ed.2d 239. The LMRDA's bill of rights is intended to secure the rights of members in their status as union members and does not secure other rights related to a member's employment. Id. at 436-438. Hiring hall referrals are not a function of union membership since referrals are available to non-members as well as to members. See Turner v. Local Lodge # 455, 755 F.2d at 869. Discrimination in the referral system, because it does not breach the employee's union membership rights, does not constitute "discipline" within the meaning of LMRDA. See Turner, 755 F.2d at 866 (excluding an employee from job referrals does not undermine the union member's status as a member of the union, and, hence, does not violate LMRDA); Hackenburg v. Int'l Brotherhood of Boilermakers, 694 F.2d 1237 (10th Cir.1982) (discrimination in hiring hall referrals does not implicate LMRDA or duty of fair representation).
 
 
 7
 The decision of the district court to enter summary judgment in the instant case is, therefore, AFFIRMED.