907 F.2d 151
 135 L.R.R.M. (BNA) 2944, 116 Lab.Cas. P 10,260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Guy WOODDELL, Jr., Plaintiff-Appellant,
v.
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 71;
R.L. Wooddell; and Gregory Sickles, Defendants-Appellees.
 No. 88-4049.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1990.
 
 Before BOYCE F. MARTIN, Jr., MILBURN and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Guy Wooddell, Jr. (Guy) appeals the lower court's grant of summary judgment for the defendants, as well as its refusal to allow a jury trial on one of its claims. Wooddell brought several claims under the federal labor laws, as well as pendent state law claims, against: Local 71 of the International Brotherhood of Electrical Workers ("the local" or "the union"), of which the plaintiff is a member; R.L. "Buck" Wooddell (Buck), the president of the local and the plaintiff's brother; and Gregory Sickles, the business manager of the local and Buck's son-in-law. In light of the Supreme Court's holding in Breininger v. Sheet Metal Workers Local 6, 110 S.Ct. 424 (1989), we affirm in part, reverse in part, and remand the case for proceedings consistent with this opinion.
 
 
 2
 * This dispute concerns the treatment of plaintiff by the local and its officers, Buck Wooddell and Sickles. The trouble between the relatives started in January 1986 when Guy opposed an announced union dues increase. In previous years, Guy had been opposed to the selection of Sickles as the business manager of the local and to the selection of other officers as well. After hearing of Guy's outspoken opposition to the dues increase, Buck telephoned Guy in order to discuss the situation. Guy alleges that Buck told him that if he persisted in what Buck termed his false accusations against him and the union, he would be "finished" in the union. Buck recalls that Guy accused him of bribing an employer representative to rehire Sickles after a discharge and also states that Guy told him that there would an attorney "living in my [Buck's] house one of these days."
 
 
 3
 Shortly after this conversation, Buck filed union charges against Guy. Buck maintains that he told the local's recording secretary that these were not formal charges but that he wanted Guy to appear before the local's executive board in order to explain his disagreements with the local. On February 24, 1986, the local sent Guy a notice informing him that he was to appear before the board on March 14, 1986 and that he could bring witnesses and another member to act as his counsel if he so wished. The charges, however, were not formally read at the regular monthly meeting of the board.
 
 
 4
 On March 14, 1986, Guy, after consulting an attorney, appeared before the board. He came without counsel. At the hearing, the charges were read. Afterward, Guy was asked if he were guilty of the charges. He said no. The two brothers then began shouting at each other, and Guy left. No decision was ever rendered on the charges, but the defendants did not agree to refrain from action against Guy until just before trial.
 
 
 5
 After this incident, Guy maintains that the local discriminated against him with respect to job referrals. The referral system operated by priority groups. The members were divided into four groups. Group I had the highest priority, meaning that those members would be referred first. In May 1986, Guy was dropped from Group I to Group II. The union contends that this change was made because Guy had not worked the amount of hours over the preceding three years required to stay in Group I.
 
 
 6
 Before and after being dropped to Group II, Guy was not referred for jobs by the union from the end of January until July. The local's records show that it attempted to reach Guy by phone on July 25, 1986 and on July 28 in order to inform him of a referral. Guy claims that the local only started to refer him for jobs after he filed his complaint in federal court on July 25. On July 29, Sickles left a message with Guy's wife, but Guy did not return the call. In August 1986, after talking to Sickles, Guy accepted a job but quit after two days, claiming that the job was unsafe. Guy was referred for another job in October 1986. In February 1987, Sickles spoke to Guy's wife about another job, but the local later discovered that Guy had accepted a different job in New Jersey.
 
 
 7
 On July 25, 1986, Guy filed this action. He made essentially six claims: (1) he was deprived of his right to free speech secured under Title I of the Labor Management Reporting and Disclosure Act (LMRDA) because the defendants retaliated against him for exercising his protected rights; (2) the union breached its contract in violation of Sec. 301 of the Labor Management Relations Act (LMRA) and state law; (3) the defendants intentionally interfered with his contractual relations in violation of state law; (4) he was deprived of his right to a full and fair hearing under the LMRDA; (5) the union breached its duty of fair representation in violation of Sec. 301; and (6) the defendants were guilty of the intentional infliction of emotional distress.
 
 
 8
 The defendants moved for summary judgment, and, in March 1988, the district court granted summary judgment to all of the defendants on the Sec. 301 breach of contract claims and to the individual defendants on the Sec. 301 fair representation claims. The case was then scheduled for trial in August 1988.
 
 
 9
 In July 1988, the defendants again moved for summary judgment on the remaining claims. In October 1988, after the submission of additional authorities by the defendants and a response by the plaintiff, the court issued an order granting summary judgment to the defendants on the rest of the claims. This appeal followed.
 
 II
 
 10
 Guy first argues that the court below erred in holding that his LMRDA free speech claim concerning the defendants' alleged discrimination against him in job referrals was within the jurisdiction of the National Labor Relations Act (NLRA), not the LMRDA. This discrimination took two forms: (1) pure discrimination in giving referrals and (2) the reclassification from Group I to II. Title I of the LMRDA, 29 U.S.C. Sec. 411, is termed the union members' bill of rights. It protects, among other rights, the right to participate equally in union elections and meetings and the right to express views and arguments. 29 U.S.C. Sec. 529 provides that no member can be disciplined for exercising his rights under the LMRDA.
 
 
 11
 The court held, on the authority of Breininger v. Sheet Metal Workers Local 6, 849 F.2d 997 (6th Cir.1988) (per curiam), rev'd in part, 110 S.Ct. 424 (1989), that the alleged discrimination in referrals was not "discipline" under the LMRDA and therefore the plaintiff had no claim. A union member has an LMRDA claim if he can demonstrate that he has been disciplined by his union for exercising one of the rights guaranteed in Title I of the act. Id. at 999. In Breininger we held: "It is well settled that union discrimination in job referrals is a matter within the exclusive jurisdiction of the NLRB." Id. at 998. "The LMRDA's bill of rights is intended to secure the rights of members in their status as union members and does not secure other rights related to a member's employment.... Hiring hall referrals are not a function of union membership since referrals are available to non-members as well as to members." Id. at 999 (citations omitted); but see Murphy v. Int'l Union of Operating Engineers, 774 F.2d 114 (6th Cir.1985), cert. denied, 475 U.S. 1017 (1986).[1]
 
 
 12
 The Supreme Court reversed that holding in Breininger v. Sheet Metal Workers Local 6, 110 S.Ct. at 430-31. The Court refused to create a hiring hall exception to the general rule that a federal court has jurisdiction over a breach of the duty of fair representation claim, even if that breach might also constitute an unfair labor practice over which the NLRB has exclusive jurisdiction. Cf. San Diego Building Trades Council v. Garmon, 359 U.S. 236, 245 (1959). The district court's grant of summary judgment, on the ground that the NLRB has exclusive jurisdiction over claims alleging union discrimination in job referrals, was therefore in error.
 
 
 13
 Plaintiff's claim of discrimination in his reclassification cannot be defeated on the ground, relied upon by the district court, that plaintiff failed to exhaust his contractual remedies, as required by 29 U.S.C. Sec. 411(a)(4). Section 411(a)(4) recognizes an exhaustion requirement only for internal union remedies, not for remedies under a collective bargaining agreement. As there exists no exhaustion requirement for claims brought under the LMRDA, Guy is not barred from pursuing his free speech claim in federal court. He is entitled to reinstate his claims of discrimination in job referrals.
 
 III
 
 14
 Guy next argues that the court below erred in rejecting his Sec. 301 contract claim. That claim is predicated upon an alleged violation of the union constitution and by-laws. The court held that a union member could not base a Sec. 301 claim against his union on the union constitution. The plaintiff disagrees.
 
 
 15
 The court held against the plaintiff on this issue, based on the authority of Trail v. International Brotherhood of Teamsters, 542 F.2d 961 (6th Cir.1976). In Trail, we held that a union member could not maintain a Sec. 301 breach of contract suit against the union based on an alleged violation of the union constitution. The plaintiff concedes that Trail defeats his claim. He argues, however, that the Supreme Court's decision in United Ass'n of Journeymen and Apprentices of the Plumbing and Pipefitting Industries of the United States and Canada v. Local 334, 452 U.S. 615 (1981), has changed the law concerning this issue.
 
 
 16
 We disagree. It is true that the Court in Plumbing Industries held that a local union could sue the international union for a breach of the union constitution. The Court, however, explicitly left open the question of whether an individual could sue his local for a breach of the union constitution, holding that the Court "need not decide whether individual union members may bring suit on a union constitution against a labor organization." Id. at 627 n. 16. In addition, the Court, in allowing union organizations to sue each other, emphasized the special, contractual nature of the relationship between two organizations, in contrast to normal internal union governance. Id. at 626 ("There is an obvious and important difference between substantive regulation by the National Labor Relations Board of internal union governance of its membership, and enforcement by the federal courts of freely entered into agreements between separate labor organizations").
 
 
 17
 Since the Court has explicitly not resolved this issue, and the principles announced in Plumbing Industries do not require us to allow this kind of claim, we decline to abandon Trail and, thus, affirm the dismissal of the plaintiff's claim.
 
 IV
 
 18
 Guy next argues that the court erred in dismissing his state law claims. He first argues that since the court below erred in holding that his state contract and interference with contract claims concerning the discriminatory referral system were subject to the exclusive jurisdiction of the NLRB, his state claims should have been considered. The plaintiff also argues that if Trail still operates to forbid a Sec. 301 suit based on the union constitution, he should be able to sue under state contract law for violation of the union constitution.
 
 
 19
 The plaintiff misconceives the relationship between state actions and federal labor law. Disputes between a union and its members are to be resolved not through contract actions, but through the mechanisms set up in the LMRDA and the NLRA. Claims, for example, concerning the right to a fair hearing guaranteed to union members are to be dealt with in the framework of an LMRDA suit.[2] Thus, despite the Court's ruling in Breininger that the NLRB does not have exclusive jurisdiction over referral system claims, such claims are still the subject of federal labor law, whether it be the NLRA or the LMRDA. State actions are not the proper vehicle for settling union-member disputes. As to any suit based on the constitution, it is exactly because the union constitution does not form a contract between the employee and the union that the state suit is not allowed. Indeed, if a contract were formed, then the suit would be preempted under Sec. 301. We thus affirm the dismissal of these claims.
 
 V
 
 20
 The plaintiff next argues that he was deprived of a full and fair hearing in violation of his rights under the LMRDA when he was hauled into the hearing by Buck. The district court held that the plaintiff was not damaged by the charges or the hearing, and, therefore, there was no claim. Guy contends that he was damaged by the allegedly unfair hearing. He had to prepare for and attend the hearing, and afterwards the charges were hanging over his head for over two years. He also argues that the controversy is still a live one because he may be entitled to attorney's fees for the work involved in getting the union to drop the charges.
 
 
 21
 Title I of LMRDA protects a union member from being fined, suspended, expelled or disciplined without receiving a fair hearing. 29 U.S.C. Sec. 411(a)(5). We hold that because the plaintiff was never fined, suspended, or disciplined, no hearing was necessary. The charges were only filed; there was no discipline imposed. The mere filing of charges and scheduling of a hearing does not constitute discipline under the act. Rivera v. Feinstein, 636 F.Supp. 159 (S.D.N.Y.1986). Because nothing came of these charges, the plaintiff's LMRDA rights were never challenged. Section 411(a)(5) refers to the procedure that must be used if one is disciplined; it does not refer to the hearing procedures to be used if charges merely are filed. The plaintiff's rights were simply not violated. We therefore affirm the district court on this issue.
 
 VI
 
 22
 Guy argues that the court erroneously dismissed his duty of fair representation claim under Sec. 301. The contracts between the involved contractors' associations and the local provide that the union will make non-discriminatory referrals. The plaintiff argues that the union breached these contracts by discriminating against him and thus not fairly representing him.
 
 
 23
 The defendants argue that a Sec. 301 fair representation claim can only be brought in tandem with an allegation that the employer violated the contract. Guy argues that a plaintiff need not bring a duty of fair representation claim as a typical hybrid Sec. 301 claim. Although Guy's legal proposition has now been vindicated by the Supreme Court's decision in Breininger, we hold that this proposition is not relevant to a resolution of this issue.
 
 
 24
 Each of the collective bargaining agreements that the defendant local is alleged to have violated established an appeals committee consisting of three members: one from the union, one from the contractors' association, and one from the public. One of the contracts, for example, provides that "[t]he appeals committee shall have the power to make a final and binding decision on any such complaint which shall be complied with by the local union." It is undisputed that the plaintiff has made no attempt to exhaust these remedies. Therefore, his failure to exhaust operates as a bar to his claim at this time.
 
 VII
 
 25
 The plaintiff's last contention is that the court below erred in ruling that he was not entitled to a jury trial on his LMRDA claim. He concedes that McGraw v. United Assoc. of Journeymen, 341 F.2d 705 (6th Cir.1965), is contrary to his position. He argues, however, that the holding is wrong and should be reconsidered. He points to Hildebrand v. Bd. of Trustees of Mich. St. Univ., 607 F.2d 705, 708 (6th Cir.1979), in which we held:
 
 
 26
 the chief focus to be made when determining whether a jury trial right exists is the nature of the relief sought. If the remedy to be sought is injunctive relief and/or back pay, no jury trial right attaches. In the ordinary case, if the relief sought includes compensatory and/or punitive damages, then there does exist a right to trial by jury.
 
 
 27
 The plaintiff argues that the general principles stated in Hildebrand, in the context of a retaliatory discharge action, should lead the court to modify McGraw and hold that he is entitled to a jury trial. As Hildebrand does not concern LMRDA claims, we see no reason to disturb McGraw. Although the district court erred in granting summary judgment for the union on the LMRDA claims, Guy is not entitled to a jury trial on those claims.
 
 
 28
 The case is REMANDED for a consideration of Guy's free speech claims. In all other respects, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The court also held that plaintiff was required to exhaust his contractual remedies before he could bring his LMRDA claim as to the reclassification
 
 
 [2]
 The district court found that even if a state law suit could be maintained for a breach of the fair hearing duty, judgment would still go to the defendants because the plaintiff was not damaged by any unfairness in his hearing