Elizabeth **DOLE**, etc., Plaintiffs,

v.

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), etc., Defendants.**

No. 90–CV–70270–DT.

United States District Court,
E.D. Michigan, S.D.

March 12, 1991.

Peter A. Caplan, Asst. U.S. Atty., Detroit, Mich., for Dole.

Jordan Rossen, Jay Whitman, Legal Dept. United Auto. Workers, James Robinson, Honigman Miller Schwartz & Cohn, Detroit, Mich., for UAW.

Harold Dunne, Harold Dunne & Associates, Livonia, Mich., for DeRossett.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

On January 31, 1990, plaintiff, Secretary of Labor Elizabeth Dole, through the U.S. Department of Labor ("DOL"), filed this action against defendant, United Automobile Aerospace and Agricultural Implement Workers of America, AFL–CIO ("UAW"). Plaintiff alleged that "violations of 29 U.S.C. § 481 occurred in the conduct of defendant's June 21, 1989 election of officers." [1] (Complaint at p. 3.) On July 26, 1990, both plaintiff and defendant filed motions for summary judgment. These cross-motions were thoroughly briefed and on October 10, 1990, oral arguments were held. Additionally, on September 20, 1990, this court granted amicus status to UAW member Philip DeRossett. On October 25,

1990, an amicus memorandum of law was filed by DeRossett's counsel.

## BACKGROUND FACTS

Defendant conducted an election of its officers on June 21, 1989. This election was subject to the provisions of Title IV of the Labor–Management Reporting and Disclosure Act, 29 U.S.C. §§ 481, *et seq.* The Director of Region 2–A is one of several offices filled at the convention. A Regional Director, by virtue of his office, occupies a position on the UAW's International Executive Board. The UAW elects its International Officers through a convention system, wherein local unions elect delegates who in turn attend the convention and cast votes. Local unions within Region 2–A elected delegates to the June, 1989 convention on various dates between February 19, 1989 and May 11, 1989. In the June, 1989 election of directors in Region 2–A, incumbent Charles Bowling defeated Jerry Faulkner by a vote of 205.672 to 114.318.[2]

On July 6, 1989, Philip DeRossett, President of UAW Local 2029, made a verbal complaint to the Department of Labor's Cincinnati Office of Labor–Management Standards, ("OLMS") regarding the procedures surrounding the June 21, 1989 election of the Region 2–A Director. DeRossett was advised by the DOL to forward a written complaint to OLMS, and on July 12, 1989, that office received a letter dated July 6, 1989, from DeRossett. This letter contained allegations that the Region 2–A directors' election was affected by the improper use of union funds to promote the candidacy of incumbent Charles Bowling. The OLMS then sent DeRossett a letter dated July 18, 1989, informing DeRossett that the OLMS could not investigate the complaint until he first exhausted his internal union remedies. DeRossett was ad-

---

1. Specifically, plaintiff alleged:
   (a) Section 401(g) of the Act (29 U.S.C. § 481(g)), was violated when union funds were used to publish the regional union newspaper, 'Inside 2–A' portions of which promoted the candidacy of incumbent Regional Director, Charles Bowling; and
   (b) Section 401(g) of the Act (29 U.S.C. § 481(g)), was violated when union funds

were used to prepare letters from locals endorsing Charles Bowling and distributed to Region 2–A delegates.

2. Fractional voting is possible by virtue of the formula for delegate voting strength set forth in the UAW constitution. *See Constit. Art. 8, Sec. 7.*

vised to forward a written complaint to the UAW's International Executive Board. According to the DOL, by the time DeRossett received this letter he had already begun the process of presenting his complaint to the UAW. In a July 6, 1989 letter to International Union, UAW President, Owen Bieber, DeRossett attempted to appeal the Region 2–A Director's election to the Convention Appeals Committee and to the International Executive Board. The central thrust of DeRossett's appeal was that the union newsletter "Inside Region 2–A" was published "with Union money for political reasons", and that literature urging support for the re-election of Charles Bowling was mailed from the Region 2–A office with "Union paid help", using the Union's mailing list. (Plaintiff's brief in support of motion for summary judgment, p. 3.) The UAW received this letter on or about July 17, 1989. On August 18, 1989, Robert Neese, President of UAW Local 402, also attempted to appeal this same election by forwarding a letter to Bieber. Among Neese's allegations were that "Charles Bowling used the Inside Region 2–A newspaper for his re-election campaign." (Plaintiff's brief in support of summary judgment motion at p. 3.) The UAW received this letter on or about August 24, 1989. (Plaintiff's brief in support of motion for summary judgment, p. 3.)

Bieber responded to both DeRossett and Neese by letters dated August 24, 1989. In those letters, Bieber indicated that no internal union appeal of the election existed under the UAW Constitution. DeRossett and Neese then filed written complaints with the Secretary of Labor. These complaints were received by the U.S. Department of Labor on September 20 and 22, 1989, respectively. The Secretary of Labor filed her complaint, in this court, on January 31, 1990.

Currently before the court are cross-motions for summary judgment. In these motions several procedural and substantive issues have been raised. This court will address the procedural issues first, and for reasons set forth below, the merits of plaintiff's substantive claim are not addressed.

## ANALYSIS

29 U.S.C. § 481, *et seq.*, governed the June 21, 1989 UAW election of officers. Enforcement of these provisions is addressed in section 482 of the statute. Section 482 provides, in relevant part:

(a) A member of a labor organization—

(1) who has exhausted the remedies available under the constitution and bylaws of such organization and of any parent body, or

(2) who has invoked such available remedies without obtaining a final decision within three calendar months after their invocation,

May file a complaint with the Secretary within *one calendar month* thereafter alleging a violation of any provision of ... 29 U.S.C. § 481 (including violation of the constitution and bylaws of the labor organization pertaining to the election and removal of officers).

\*     \*     \*     \*     \*     \*

(b) The Secretary shall investigate such complaint and, if he finds probable cause to believe that the violation of ... 29 U.S.C. §§ 481 *et seq.* has occurred and has not been remedied, he shall, *within 60 days* after the filing of such complaint, bring a civil action against the labor organization as an entity in the district court of the United States in which such labor organization maintains its principle office to set aside the invalid election, ... (Emphasis added).

Here, § 482 sets forth three requirements the DOL must establish before it can maintain this lawsuit. These are: (1) that DeRossett and Neese exhausted their internal remedies under the UAW Constitution; (2) that DeRossett and Neese filed complaints with the Secretary within one calendar month; and (3) the Secretary brought a lawsuit within 60 days after the complaints were filed. The linchpin of defendant's summary judgment motion is that these procedural requirements were not met by either DeRossett, Neese or the Department of Labor.

In examining the first requirement of § 482, the court must determine whether DeRossett and Neese exhausted their internal appeal remedies under the UAW constitution. The Secretary asserts that Article 33 of the UAW Constitution controls this action. Conversely, defendant contends that Article 8 controls and that no internal union remedies were available to DeRossett and Neese after the Convention accepted the Credential Committee's report and recommendation. Articles 8 and 33 of the June 1989 UAW Constitution address "conventions" and "appeals" respectively. Article 8, section 17 provides in relevant part:

Section 17. (a) The International Executive Board shall select from the credentials of delegates a Credentials Committee, which shall assemble at least ten (10) days prior to the meeting of the Convention. The Committee shall examine all credentials received at the International Office and investigate the standing of the delegates and the Local Union they represent; they shall receive the original credentials of the delegates elected to attend the Convention, and be in a position to report at the Convention.

(b) If the Credentials Committee should decide that an election in any Local Union has been improperly conducted and that delegates elected in such election shall not be seated, the Credentials Committee may, jointly with the International President, when s/he is satisfied that the necessary Constitutional interpretations have been reasonably applied, order the delegate election to be rerun in such Local Union prior to the opening of the Convention ...

(c) If the Convention approves the Credentials Committee's report and recommendation on the initial election, the delegates elected in the rerun shall be seated if confirmed by the Credentials Committee and Convention ...

(d) If, prior to the holding of an election of delegates, a clear violation of the International Constitution or the Local Union's Bylaws occurs in the pre-election procedures, the International President shall have the authority to order a correction of the violation prior to the holding of the election. Such action by the International President is subject to appeal to the Credentials Committee.

Article 33, provides in relevant part:

Section 1. *WHAT MAY BE APPEALED.* Any subordinate body or member thereof shall have the right under this Article to appeal any action, decision, or penalty by any of the following, unless otherwise provided:

(a) The International Union, its International Executive Board or any of its Officers, or Regional Directors or International Representatives;

(b) Any administrative arm of the International Union, including its International Departments and Bargaining Council;

(c) A Local Union, or any of its units, committees, officers, committeepersons or stewards; or

(d) Any other subordinate body of the International Union.

A failure or refusal to act by any of the foregoing, where it allegedly results in an injury, may also be appealed.

\*　　\*　　\*　　\*　　\*　　\*

Section 2. *LEVELS OF APPEAL.* This Section specifies the levels of appeal for various types of cases.

(b) In the types of cases listed below, the appeal shall be limited as specified:

\*　　\*　　\*　　\*　　\*　　\*

For any action or decision pertaining to the seating of members at any conference or other meeting sponsored by the UAW, if there is a Credentials Committee for the conference or meeting, the appeal shall be first to the Credentials Committee and then to the general delegate body of the conference or meeting ... There shall be no further appeal from the decision of the general delegate body or the Director of the National Department or Region, as the case may be.

Section 5. *OBLIGATION TO EXHAUST INTERNAL UNION REMEDIES.* It shall be the duty of any individual or body, if aggrieved by any action, decision or penalty imposed, to ex-

haust fully the individual or body's remedy and all appeals under this Constitution and the rules of this Union before going to a civil court or governmental agency for redress.

The Secretary asserts that section 5 of Article 33 required that DeRossett and Neese exhaust their internal union remedies before going to a civil court or governmental agency. The Secretary argues that DeRossett and Neese accomplished this by sending letters of complaint to Bieber. On August 24, 1989, however, Bieber notified DeRossett and Neese that no internal union appeal of the election existed under the UAW's Constitution. The Secretary argues that the DOL had "thirty days" from this date to file its complaint. Additionally, the Secretary contends that the appeal process set forth in the UAW Constitution is ambiguous, and therefore, in accordance with the policies established in *Donovan v. Sailors Union of the Pacific*, 739 F.2d 1426 (9th Cir.1984), the court should construe the DeRossett and Neese complaints of September 20 and 22, 1989, as timely.

Defendant argues that Article 33, section 5, is not applicable to the present lawsuit and that Article 8, section 17 is the appropriate provision governing this action. In support of this contention, defendant submits several decisions by the Public Review Board[3] finding that Article 8, section 17 of the UAW Constitution is the procedure to be followed for the validation of the credentials of convention delegates. In *Conrow v. UAW*, PRB Case No. 193 (August 26, 1968), the Board stated "the procedures for the validation of the Credentials of Convention delegates are provided for in Article 8, section 17, of the Constitution. Final authority to pass upon the credentials of any delegate is vested in the Convention." In *Gibbs, et al v. UAW*, PRB Case No. 547 (May 14, 1982), the Board stated:

First, as respects the appeal lodged by candidates for the position of delegate to the Constitutional Convention of June, 1980, amendments, to the Constitution adopted at the Convention specify that appeals from such elections shall be taken to the Credentials Committee and then to the delegate body. It is specified that there shall be no further appeal from the decision of the delegate body. (Const. Article 32, § 3). In addition, we have previously held that it is for the Credentials Committee of the Constitutional Convention to determine who is to be seated as an official delegate.

*See also* PRB decisions 241, 464, and 865, attached to the Klien affidavit.

In Article 33, § 1, a member of a subordinate body has the right under Article 33 to appeal any action, decision or penalty made by either of the following: (a) the International Union, its International Executive Board or any of its Officers, Regional Directors or International Representatives; (b) any administrative arm of the International Union; (c) a Local Union or any of its units; or (d) any other subordinate body of the International Union. Here, DeRossett and Neese attempted to appeal the election of Region 2–A's Director after the Convention had closed. Section 1 of Article 33 does not address appeals of this nature. Moreover, even if this court accepted the Secretary's position that Article 33 applied, section 2(b) provides:

For any action or decision pertaining to the seating of members at any conference or other meeting sponsored by the UAW, if there is a Credentials Committee for the conference or meeting, the appeal shall be first to the Credentials Committee and then to the general delegate body of the conference for meeting.

In the case *sub judice*, no evidence has been presented that DeRossett or Neese appealed to the Credentials Committee or the General Delegate Body. Since DeRos-

**3.** In *Monroe v. Int'l. Union, UAW*, 723 F.2d 22 (6th Cir.1983), at fn. 3, the court described the Public Review Board as following:

The latter Board consists of 'impartial persons of good public repute,' neither members nor employees of UAW. Constitution, art. 32, § 1.

The Board, one of the avenues of last resort available to aggrieved employees under the UAW Constitution's internal procedures, is, according to uncontradicted evidence, an independent group of academic and social agency persons with no UAW affiliation.....

sett and Neese never appealed to the Credentials Committee, the court finds that under Article 33 their internal union appeal remedies expired on June 21, 1989.

Article 8, Section 17 provides that if the Credentials Committee should decide that an election in any local union has been improperly conducted and that the delegate elected in such election should not be seated, the Credentials Committee may jointly with the International President ... order the delegate election to be rerun ... prior to the opening of the Convention. Section 17(d) provides, "[i]f, prior to the holding of an election of delegates, a clear violation of the International Constitution or the Local Union's Bylaws occurs in the pre-election procedures, the International President shall have the authority to order a correction of the violation prior to the holding of the election. Such action by the International President is subject to appeal to the Credentials Committee."

In this action, no challenge was made by DeRossett or Neese to the Credentials Committee or the International President, prior to the conclusion of the Convention. The Convention then approved the Credential Committee's report and recommendation on the election of the delegates. A clear reading of Article 8 indicates that any appeal by DeRossett and Neese should have been made to the Credentials Committee before the Convention approved the Credential Committee's report and recommendation. DeRossett or Neese made no such appeal.

This court finds that under Article 8 or under Article 33, DeRossett and Neese's internal appeal rights expired at the close of the June 21, 1989 Convention.

The Court must now determine whether DeRossett and Neese timely filed a complaint with the Secretary within "one calendar month" as required by 29 U.S.C. § 482(a). On July 6, 1989 DeRossett submitted a verbal complaint to the Department of Labor's Cincinnati Office of Labor–Management Standards. DeRossett was advised to furnish a written complaint and on July 12, 1989 the Cincinnati OLMS received DeRossett's letter dated July 6, 1989.

The court has examined the July 13, 1990 declaration of OLMS Area Administration, Richard Crino, and determines that DeRossett properly filed a complaint with the Department of Labor within the 30 days prescribed by 29 U.S.C. § 482(a). Neese, on the other hand, did not contact the Department of Labor until September 22, 1989, when the Department received a letter from Neese dated September 18, 1989, complaining that the newspaper "Inside Region 2–A" was used for political purposes. The court, having decided that no appeal rights under the UAW Constitution existed after the June 21, 1989 Convention, finds that Neese's complaint was untimely under 29 U.S.C. § 482(a). Therefore, the Secretary cannot maintain an action on Neese's behalf.

Next, the court must address whether the DOL brought a civil action, on behalf of DeRossett, within the sixty day requirement of 29 U.S.C. § 482(b). On July 12, 1989 DeRossett filed his written complaint with the Cincinnati OLMS. According to § 482(b) the Secretary is to investigate the complaint and if probable cause exists to believe that a violation of 29 U.S.C. §§ 481 et seq. exists and has not been remedied, the Secretary has 60 days after the filing of the complaint in which to bring a civil action against the labor organization. Here, a lawsuit was not brought by the Secretary within the 60 day requirement of § 482(b). Therefore, the court finds that the Secretary cannot maintain an action on behalf of DeRossett for the UAW's alleged violations of 29 U.S.C. § 481 et seq.

Since the court has determined that the Department of Labor cannot maintain an action on behalf of DeRossett or Neese, the remaining procedural and substantive issues are not addressed.

ORDER

IT IS HEREBY ORDERED that defendants' motion for summary judgment is GRANTED; and

IT IS FURTHER ORDERED that plaintiffs' motion for summary judgment is DENIED.

A judgment in accordance with this order shall be entered.