NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0105n.06
Filed: February 19, 2008

No. 07-1079

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| TERRANCE LOMBARD, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| CHROME CRAFT CORPORATION, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |

Before: SUHRHEINRICH, SUTTON, and GRIFFIN, Circuit Judges.

SUTTON, Circuit Judge. After Chrome Craft Corporation fired Terrance Lombard and after his union withdrew his grievance against the company, Lombard did two things: First, he pursued an internal union appeal, and later he filed this hybrid action claiming that Chrome Craft violated § 301 of the Labor Management Relations Act in discharging him and that the union breached its duty of fair representation in initially refusing to support his grievance. Concluding that Lombard's § 301 claim was time-barred, the district court granted summary judgment in favor of Chrome Craft. Because the court permissibly concluded that Lombard's internal union appeal did not toll the statute of limitations for his claim against Chrome Craft, we affirm.

I.

Chrome Craft discharged Lombard in August 2003, after Lombard allegedly violated a shop rule in the relevant collective bargaining agreement (CBA). Consistent with the CBA's grievance procedures, Lombard's union filed a grievance on his behalf, seeking reinstatement of Lombard's employment and asking that Lombard be "made whole in all ways." At stage four of the five-step grievance process, the union and Chrome Craft mediated the dispute and proposed a settlement to Lombard, offering him severance pay and a change in the nature of his discharge from a termination to a layoff. Lombard rejected the proposed settlement, and on February 24, 2004, the union notified Lombard that his grievance "has been withdrawn at the Fourth Step of mediation" and that "the Union will not pursue this grievance to Step Five of arbitration." The union notified Chrome Craft of its decision to withdraw Lombard's grievance on April 20, 2004.

In accordance with his union's constitution, Lombard appealed the local union's decision to withdraw his grievance on March 18, 2004. On January 3, 2005, the national union granted his appeal because the local union's "decision to settle [the] grievance . . . was not properly investigated in order to make a rational decision." On January 11, the union's president "remanded" Lombard's grievance to the local union "with instructions to reinstate the grievance at the step in which it was withdrawn." Two weeks later, the union asked Chrome Craft to reinstate the grievance at "Step 5, Arbitration." On February 7, Chrome Craft denied the union's request because "the Company clearly had just cause for the termination" and because, "[a]s [the union] know[s], Chrome Craft is under no obligation to [reinstate a grievance] under the terms of the collective bargaining agreement between the parties." The union notified Lombard of Chrome Craft's denial on February 14.

Lombard sought an additional union appeal in April, to which the union responded that "there is no[] further remedy available" because, "[a]bsent a reinstate[ment] agreement[,] the Union is without power to force the Company to reinstate the grievance."

On May 24, 2005, while still pursuing his internal union appeal, Lombard filed a complaint against Chrome Craft and the union in Michigan state court, alleging that Chrome Craft discharged him without good cause in violation of the CBA and that the union breached its duty of fair representation "by withdrawing his grievance and refusing to demand arbitration without a rational basis." After Chrome Craft and the union removed the action to federal court, they moved for summary judgment. The district court granted the union's motion because Lombard "has failed to exhaust his internal union remedies." And it granted the company's motion because Lombard's "claims against it are barred by the applicable statute of limitations," rejecting Lombard's argument that his internal union appeal tolled the statute of limitations against Chrome Craft. On appeal, Lombard challenges only the summary-judgment decision in favor of Chrome Craft.

II.

To decide whether the applicable six-month statute of limitations, *see DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 172 (1983), bars Lombard's claim, we must determine (1) when the cause of action accrued and (2) whether anything tolled the limitations period, *see Robinson v. Cent. Brass Mfg. Co.*, 987 F.2d 1235, 1239 (6th Cir. 1993). A hybrid § 301/fair representation claim accrues against both the union and the employer when the employee knew or should have known of

the acts constituting either the employer's alleged violation or the union's alleged breach, whichever occurs later. *Id.* Lombard does not challenge the district court's holding that his cause of action accrued on February 24, 2004. And with good reason: that is when the union notified him that his grievance "has been withdrawn" and that it "will not pursue th[e] grievance to . . . arbitration," giving Lombard everything he needed to know to discover or at least be able to discover through "reasonable diligence . . . the acts constituting the [union's] alleged violation," *id.* (internal quotation marks omitted); *see also Noble v. Chrysler Motors Corp.*, 32 F.3d 997, 1001 (6th Cir. 1994); *McCreedy v. Local Union No. 971, UAW*, 809 F.2d 1232, 1236 (6th Cir. 1987); *Plunkett v. Smurfit-Stone Container Corp.*, 247 F. App'x 604, 606 (6th Cir. June 20, 2007).

What matters then is tolling. Did Lombard's internal union appeal, which began on March 18, 2004, and was still pending when he filed his complaint on May 24, 2005, toll the limitations period? In *Robinson v. Central Brass Manufacturing Co.*, 987 F.2d 1235, we addressed "whether the statute of limitations should be tolled if a discharged employee chose to pursue the [union] appeals process before filing a hybrid § 301/fair representation claim." *Id.* at 1240. We said two things of pertinence: "First, in order for the statute of limitations to be tolled, the internal union appeal must be able to afford the claimant some relief *from the defendant*"; and, "[s]econd, . . . whether to toll the limitations period is a question within the discretion of the district court . . . [that] must be analyzed" on a case-by-case basis. *Id.* at 1242 (emphasis omitted and added); *see also id.* at 1240–42 (discussing factors for district courts to consider in exercising their discretion, including whether the internal union appeal would be adequate to reactivate the

employee's grievance or to award him the relief sought under § 301, whether exhaustion of internal

procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the

merits of his claim and whether it was difficult for the employee to determine that the internal union

remedies were completely futile); *Garrish v. UAW*, 417 F.3d 590, 595 (6th Cir. 2005) (applying

*Robinson* and "review[ing] a district court's decision regarding equitable tolling for an abuse of

discretion") (internal quotation marks omitted).

*Robinson* held that the claimant's internal union appeal did not toll the statute of limitations

against his former employer because a "successful internal union appeal c[ould] not lead to

reinstatement of [his] employee [status] or reactivation of [his] grievance." 987 F.2d at 1243. Put

differently, because Robinson's internal union appeal "could only provide relief from the Union" and

"could not provide *any* relief from [Robinson's former employer]"—which "was not a party to th[e]

internal appeal, had not sanctioned or acknowledged the internal appeals process, and was not bound

by any ensuing judgment"—that appeal did not toll the limitations period against the employer. *Id.*

at 1243–44; *cf. id.* at 1244 (holding that the internal appeals process did toll the statute of limitations

with respect to Robinson's claim against the union because the "internal appeals process could have

provided Robinson with partial relief from the Union").

*Robinson* controls us here. Although "[s]ome employers and unions have, through collective

bargaining, agreed to allow the reinstatement of withdrawn grievances where a union tribunal

reverses the union's initial decision," *Clayton v. UAW*, 451 U.S. 679, 691 n.18 (1981) (alteration in

original and internal quotation marks omitted), Chrome Craft and its union, like the parties in

*Robinson*, did not enter into any such agreement. Nor should this have been a surprise to anyone. Chrome Craft made the point when it denied the union's request to reinstate Lombard's grievance voluntarily. *See* JA 278 ("As you know, Chrome Craft is under no obligation to [reinstate Lombard's grievance] under the terms of the collective bargaining agreement between the parties."). And the union made the same point in its letter to Lombard. *See* D. Ct. Doc. 23, Ex. 20 ("Absent a reinstate[ment] agreement the Union is without power to force the Company to reinstate the grievance. Accordingly, there is no[] further remedy available."). Once the union withdrew Lombard's grievance, "the internal appeals process could not provide *any* relief from" Chrome Craft, and that process accordingly did not toll the statute of limitations against the company. *Robinson*, 987 F.2d at 1244.

Lombard responds to *Robinson* with two related points: (1) his internal union appeal was not futile at the time it began since the union did not withdraw his grievance until after he filed his appeal; and (2) Chrome Craft's CBA, unlike *Robinson*'s CBA, does not limit the time when the union could demand arbitration. These distinctions do not release Lombard from the pull of *Robinson*.

First, we agree with Lombard that his internal appeal became futile with respect to Chrome Craft only after the union notified the company of its decision to withdraw his grievance. But we fail to see how this helps him. Lombard admittedly filed his internal union appeal with the mistaken understanding that the union had already withdrawn his grievance—the union's February 24 letter, recall, informed Lombard that his grievance "has been withdrawn," and he thought until sometime

in 2006 that the union had in fact withdrawn his grievance on or prior to February 24. That understanding, though incorrect at the time Lombard filed his internal union appeal, became correct on April 20, when the union notified Chrome Craft that Lombard's grievance "is hereby withdrawn at the mediation step and is closed." In other words, beginning no later than April 20—over a year before he filed his complaint in this case—Lombard correctly understood that his union had withdrawn his grievance. Even if we assume that the statute of limitations was tolled until April 20, Lombard's claim remains time-barred by the six-month limitations period.

Second, it does not change matters that *Robinson*'s CBA "made clear . . . that a successful internal union appeal [could] not lead to reinstatement of an employee or reactivation of a grievance," *id.* at 1243, while Chrome Craft's CBA is silent on the point. To the extent Lombard was oblivious to the fact that the internal union appeal could not give him relief from his employer, he had ample reason to know about it because "a union member is responsible for knowing the contents of [his] collective bargaining agreement." *Id.*; *cf. Monroe v. UAW*, 723 F.2d 22, 26 (6th Cir. 1983) ("The balance of efficiency requires the union member to determine whether the remedy is futile."). And "there is no provision in the CBA that could even arguably give the Union the right to reinstate a grievance once it is withdrawn," as the district court correctly observed, making it "clear to [Lombard] that when the Union [withdrew his grievance], the *only* private dispute mechanism that could have provided [him] with relief from [Chrome Craft] was exhausted and the limitations period began to run," *Robinson*, 987 F.2d at 1243; *cf. Clayton*, 451 U.S. at 693 ("[W]here an aggrieved employee cannot obtain either the substantive relief he seeks or reactivation of his

grievance, national labor policy would not be served by requiring exhaustion of internal remedies. In such cases, exhaustion would be a useless gesture . . . [because t]he employee would still be required to pursue judicial means to obtain the relief he seeks under § 301."). Moreover, to the extent Lombard "misunderstood the nature of possible internal remedies and thought that they included reinstatement[,] . . . this misunderstanding . . . cannot be linked to [Chrome Craft's] actions, statements, or policies." *Robinson*, 987 F.2d at 1243. On this record, we cannot conclude that the district court abused its discretion in rejecting Lombard's argument that his internal union appeal tolled the statute of limitations against Chrome Craft.

### III.

For these reasons, we affirm.